407 F.2d 1165
 CUNNINGHAM BROTHERS, INC., a Wisconsin Corporation,
Plaintiff-Appellant,
v.
Harry BAIL, Walter Gabel, William Katz, Ben Peters, Ed
Ungrund, Dean Addis and Davidson Masonry &
Restoration, Inc., an Illinois
Corporation, Defendants- Appellees.
 No. 17113.
 United States Court of Appeals Seventh Circuit.
 March 10, 1969
Rehearing Denied April 3, 1969
Certiorari Denied June 16, 1969.
See 89 S.Ct. 2100.
 
 Jack E. Horsley, Richard F. Record, Jr., and Donald E. Castles of Craig & Craig, Mattoon, Ill., for plaintiff-appellant.
 Harlan Heller and Dale A. Cini of Ryan & Heller, Mattoon, Ill., Leonard T. Flynn, of Franklin, Flynn & Palmer, Champaign, Ill., for defendants-appellees.
 Before CASTLE, Chief Judge, and CUMMINGS and KERNER, Circuit Judges.
 CASTLE, Chief Judge.
 
 
 1
 Plaintiff brings this appeal from the district court's dismissal of its threecount complaint filed against the individual and corporate defendants under the Declaratory Judgment Act, 28 U.S.C. 2201.[1] Plaintiff had contracted as general contractor to construct a building for Moore Business Forms, Inc., at Charleston, Illinois. Defendant, Davidson Masonry and Restoration, Inc., was engaged by plaintiff as the masonry subcontractor for the job, and the individual defendants were employees of Davidson who were injured when the platform on which they were standing collapsed.
 
 
 2
 Defendant Gabel filed a complaint for personal injuries against plaintiff in the district court on October 1, 1967, plaintiff filed its declaratory judgment complaint on November 9, 1967, defendant Katz counterclaimed in the declaratory judgment suit, and at least one of the other individual defendants has since filed suit against plaintiff in a state court. The individual defendants have based their actions on the Illinois Structural Work Act, Ill.Rev.Stat., 1965, Ch. 48, 60 et seq.
 
 
 3
 Count I of plaintiff's complaint is directed against the individual defendants only and seeks a declaration that plaintiff did not 'have charge of' the work being performed by these defendants at the job site, within the meaning of the Illinois Structural Work Act, and that those defendants have no 'cause of action' against plaintiff under the Act for any personal injuries they may have sustained on the date of the accident. Counts II & III of the complaint are directed only against Davidson Masonry & Restoration, Inc. Count II seeks a declaration that Davidson, by reason of its contract with plaintiff, is liable to indemnify and hold plaintiff harmless for any amount which may be recovered against plaintiff by the individual defendants. The district court dismissed the complaint and held that the action was inappropriate for declaratory relief.
 
 
 4
 Plaintiff contends that the district court erred in dismissing the complaint since an action by a potential tort defendant against the potential plaintiffs should fall within the purpose of the Declaratory Judgment Act. Thus, instead of having to wait and be sued in different state and federal forums by the various injured parties, plaintiff argues that it should be allowed to bring them together in one action, along with the alleged indemnitor, and thereby adjudicate the rights of all the parties at one time and place.
 
 
 5
 We hold that the district court was correct in dismissing the complaint, and accordingly affirm the judgment below.
 
 
 6
 Regarding the individual defendants, we are of the opinion that to compel potential personal injury plaintiffs to litigate their claims at a time and in a forum chosen by the alleged tort-feasor would be a perversion of the Declaratory Judgment Act. The primary purpose of that Act is 'to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage had accrued.' E. Edelmann & Co. v. Triple-A Specialty Co., 88 F.2d 852, 854 (7th Cir. 1937). See also Milwaukee Gas Specialty Co. v. Mercoid Corp., 104 F.2d 589, 591-592 (7th Cir. 1939); Luckenbach S.S. Co. v. United States, 312 F.2d 545 (2d Cir. 1963); 6A Moore's Fed. Practice P57.06, pp. 3021-22 (1966).
 
 
 7
 Since it is not contended that the present action was brought to avoid damages which would accrue if a certain course of conduct were taken in the future, plaintiff must establish that this suit falls within some other purpose of the Declaratory Judgment Act. Plaintiff attempts to support its action by arguing that the purpose of the Act is not confined solely to settling controversies before they ripen into legal liabilities, but is broad enough to permit the determination of rights which have arisen due to an alleged negligent act which has already occurred. Plaintiff also contends that this action was not brought to determine the issue of negligence, but only to determine the rights of the parties under the contracts between them so as to avoid multiplicity of action.
 
 
 8
 However, plaintiff has failed to demonstrate how the allowance of the instant declaratory judgment action would 'effectuate the purposes of the statute and thereby afford relief from uncertainty and insecurity with respect to rights, status and other legal relations.' Sears, Roebuck & Co. v. American Mutual Liability co., 372 F.2d 435, 438 (7th Cir. 1967); American Auto. Insurance Co. v. Freundt, 103 F.2d 613, 619 (7th Cir. 1939); Aetna Casualty & Surety Co. v. Quarles, 92 F.2d 321, 324 (4th Cir. 1937). Rather, regarding the individual defendants, plaintiff seems to be attempting to 'try issues or determine the validity of detenses in pending cases,' as was condemned by Freundt and Quarles, supra.
 
 
 9
 Moreover, couching the suit in terms of contract rather than tort does not change the nature of the action. The issue of plaintiff's negligence would necessarily be tried since the individual defendants would be compelled to counterclaim under Rule 13(a), Fed.Rules Civil Proc. Rules 20(b) and 42(b), regarding separate trials, would be of little value to these defendants, since plaintiff's liability, if any, would be determined in the primary action.
 
 
 10
 Thus, there is good reason for the noted lack of precedent supporting plaintiff's position. To allow a declaratory judgment action under the facts before us would be to allow a substitute for the traditional procedures for adjudicating negligence cases. We agree with the conclusion reached in Sun Oil Co. v. Transcontinental Gas Pipe Line Corp., 108 F.Supp. 280, 282 (E.D.Pa.1952), aff'd (adopting opinion of district court), 203 F.2d 957 (3d Cir. 1953), that 'it is not one of the purposes of the dedeclaratory judgment acts to enable a prospective negligence action defendant to obtain a declaration of non-liability.'[2]
 
 
 11
 To so reverse the roles of the parties would affect more than merely the form of action, but would jeopardize those procedures which the law has traditionally provided to injured parties by which to seek judicial relief. Although 'the existence of another adequate remedy does not preclude a judgment for declaratory relief in cases where it is appropriate,' Rule 57, Fed.Rules Civil Proc., we hold that such relief is inappropriate in the instant case since 'more effective relief can and should be obtained by another procedure.' Chicago Metallic Mfg. Co. v. Edward Katzinger Co., 123 F.2d 518, 520 (7th Cir. 1941).
 
 
 12
 Although our holding may require the plaintiff here to litigate a number of lawsuits with the injured parties, we feel that this result does not outweigh the right of a personal injury plaintiff to choose the forum and the time, if at all, to assert his claim. We agree with plaintiff that a declaratory judgment action should not be dismissed solely because a more traditional remedy is available. Otherwise, many justiciable declaratory judgment actions would be dismissed on that ground. However, when the traditional remedy provides the parties with the procedural safeguards required by the law to insure the availability of a proper remedy, the courts, in exercising their discretion,[3] may properly dismiss the declaratory judgment action. Since the sustaining of plaintiff's suit in the instant case would force an injured party to litigate a claim which he may not have wanted to litigate at a time which might be inconvenient to him or which might precede his determination of the full extent of his damages, and in a forum chosen by the alleged tortfeasor, we hold that the action was inappropriate for declaratory relief and was therefore properly dismissed against the individual defendants.
 
 
 13
 There remains the issue of whether plaintiff may seek declaratory relief against the corporate defendant (Davidson), the alleged indemnitor. Initially, two observations should be made. First, there is no indemnity clause contained in the contract, and plaintiff's claim against Davidson seems to be really based on a common law indemnity theory. Second, during oral argument counsel for plaintiff stated that if we held that the individual defendants should be dismissed, then the plaintiff would probably rather file a third-party complaint against Davidson in the Gabel action, to determine the issue of indemnity. Irrespective of this concession, we are of the opinion that plaintiff could not maintain a declaratoty judgment action against Davidson alone.
 
 
 14
 ' Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.' Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273, 61 S.Ct. 510, 512, 85 L.Ed. 826 (1941); See also Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 239-242, 57 S.Ct. 461, 81 L.Ed. 617 (1937).
 
 
 15
 It has been held that when an insured is being sued for damages and calls upon his insurer to indemnify and defend the suit, the insurer is 'entitled to be advised by a declaratory decree whether it is obligated to defend and indemnify the insured against the claim upon which the suit is brought.' C. Y. Thomason Co. v. Lumbermen's Mutual Casualty Co., 183 F.2d 729, 733 (4th Cir. 1950); Sears, Roebuck & Co. v. American Mut. Liab. Ins. Co., 372 F.2d 435, 440 (7th Cir. 1967).
 
 
 16
 However, in the normal indemnity situation, where, as here, no contractual duty to defend exists, no duty to do anything arises until the alleged indemnitee is adjudged liable. Thus, in the instant case, there is no immediate controversy between the parties since it is not certain that plaintiff will ever be compelled to pay any judgment for which Davidson could be held liable as indemnitor. See National Valve & Mfg. Co. v. Grimshaw, 181 F.2d 687, 689 (10th Cir. 1950). In these circumstances we hold that the interests of justice would not be served by entertaining a declaratory judgment action at this time.
 
 
 17
 For the foregoing reasons, the judgment below is affirmed.
 
 
 18
 Affirmed.
 
 
 
 [1]
 2201. Creation of remedy
 In a case of actual controversy within its jurisdiction, except with respect to Federal Taxes, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.
 
 
 [2]
 Of course, non-liability may be declared in appropriate cases. State Farm Mutual Auto Ins. Co. v. Mossey, 195 F.2d 56 (7th Cir. 1952), cert. den. Du Bois v. Mossey, 344 U.S. 869, 73 S.Ct. 109, 97 L.Ed. 674
 
 
 [3]
 It is well-established that declaratory relief is discretionary, Brillhart v. Excess Ins. Co., 316 U.S. 491, 494, 62 S.Ct. 1173, 86 L.Ed. 1620 (1942), although a reviewing court may substitute its own judgment for that of the trial court if the latter court's exercise of its discretion is 'erroneous.' Sears, Roebuck & Co. v. American Mut. Liab. Ins. Co., 372 F.2d 435, 438 (7th Cir. 1967)