**Gary David FRIEDMAN, Plaintiff,**

v.

**Donald GELLER and Lee Geller, Defendants.**

**Civil Action No. 95–C–1092.**

United States District Court, E.D. Wisconsin.

May 10, 1996.

Curtis Wolf, Friedman & Wolf, Lake Geneva, WI and James Fieweger, Kravit, Gass & Weber, Milwaukee, WI, for Plaintiff.

Scott R. Letteney, Hudec Law Offices, Lake Geneva, WI, for Defendants.

## DECISION AND ORDER

REYNOLDS, District Judge.

Gary Friedman ("Friedman") wants this court to declare that he did not commit malpractice in his representation of Donald Geller and Lee Geller ("the Gellers"). Because this action is contrary to the purpose of the Declaratory Judgment Act, 28 U.S.C. § 2201, this court will not exercise jurisdiction over this case.

Friedman represented the Gellers in a land dispute case in the Walworth County Circuit Court. After the Gellers did not appear for a deposition, the Walworth court dismissed the Gellers' claims. The case, however, continued because one of the defendants had asserted a counterclaim. Friedman withdrew from the case, and the Hudec law offices began representing the Gellers. Allegedly, Patrick Hudec, a member of the Hudec firm, later told Friedman that the Gellers were going to file a malpractice action against Friedman and seek over $100,-000 in damages.

Friedman filed this action, asking for declaratory relief of his nonliability. The Gel-

lers have not filed a malpractice action. Neither party has informed the court of the status of the underlying action, whether the Gellers appealed their dismissal, or whether they still could appeal. The Gellers have moved to dismiss this action for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(b)(1).

■ The first jurisdictional requirement for a declaratory judgment action is the existence of a case or controversy. In other words, there must be a substantial controversy between parties who have adverse legal interests. *Nucor Corp. v. Aceros Y Maquilas de Occidente,* 28 F.3d 572, 577 (7th Cir. 1994). If one party threatens to bring a suit but has not, that threat, if specific and concrete, establishes a controversy. *Id.* at 578.

■ The court doubts whether a ripe controversy exists in this case. Despite a threat of a malpractice suit by the Gellers' counsel, the court does not know the status of the underlying action where the alleged malpractice may have occurred. Although the Walworth court dismissed the Gellers' claims, the dismissal did not end the case; the Walworth court still had to resolve a defendant's counterclaim; the dismissal may not be a final judgment. If not, the Gellers must await the ultimate resolution of the case before appealing their dismissal.

If the Gellers can still appeal their dismissal, a malpractice action would not be ripe because the Gellers could eventually triumph in the land use action; if so, the Gellers could not show any prejudice by any of Friedman's actions. Until the Gellers' land use case is closed, they may not sue Friedman for malpractice. Friedman cannot bring a declaratory action for nonliability before the Gellers could bring a malpractice action.

■ Even if a controversy exists, however, the court still has the discretion not to exercise its jurisdiction and should exercise its jurisdiction only when the proposed action furthers the policies of the declaratory judgment statute. *Tempco Elec. Heater Corp. v. Omega Eng'r, Inc.,* 819 F.2d 746, 747 (7th Cir.1987). Declaratory judgment actions prevent a party from using the threat of a suit to create a Hobson's choice for an adversary. *See Nucor,* 28 F.3d at 577 (*quoting Cunningham Bros, Inc. v. Bail,* 407 F.2d 1165, 1167 (7th Cir.), *cert. denied,* 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969)). In a patent dispute, for example, the party holding the patent may threaten to sue someone (the accused party) for producing a product that infringes on the patent. As long as the patentee waits to sue, however, the accused party must either stop producing its product and sacrifice its market position or continuing selling the product, with each sale increasing its potential liability to the patentee.

■ A declaratory judgment action is not a tool to compel potential negligent plaintiffs to litigate their claims at a time and in a forum chosen by the alleged tortfeasors. *Cunningham Bros.,* 407 F.2d at 1167. It is inappropriate to use the declaratory judgment statute in what would otherwise be a run-of-the-mill negligence action. Malpractice presents no special issues, and the only court to reach the issue ruled that an action for a declaration of nonliability of malpractice was an inappropriate use of a declaratory judgment statute. *Abor v. Black,* 695 S.W.2d 564 (Tex.1985).

Friedman has no unique facts which distinguish this case from an ordinary negligence case. Friedman argues that the threat of a suit will damage his reputation and make it harder for him to obtain insurance. Therefore, he concludes, this case differs from *Cunningham* where the damages did not depend on the timing of the tort action. Friedman is comparing apples to oranges. In a declaratory judgment action, the court is concerned with whether the defendant in the declaratory judgment can increase his damages by waiting to file his own suit, not the damage suffered by the plaintiff (the party seeking the declaration of nonliability) because of the threat of the suit. For example, In *Cunningham,* workers fell from a scaffold and were injured; the contractor sued the workers for a declaration of nonliability. 407 F.2d at 1167. In rejecting a declaratory judgment action, the court reasoned that the workers had suffered their damages and delaying a suit would not increase them. *Id.* at 1168.

Here, if Friedman committed malpractice, the harm is done and the damage is fixed. Whether the Gellers filed suit tomorrow, next month, or at the end of the statute of limitations, the damages are the same. Friedman's concerns are no different than any potential defendant. If a commercial driver is in an accident and is told she is going to be sued, that threat may affect her reputation, and she will have to disclose it on any insurance application. Those facts do not justify a declaratory judgment action.

█ Allowing a declaratory judgment in this case forces the Gellers to litigate a case before they are ready. The declaratory judgment statute is not a way for a potential defendant to choose the time and forum of the dispute. The court grants Donald Geller and Lee Geller's motion and dismisses the case.

**SO ORDERED.**