John Keith BLAKELY and John Emmet Long, Plaintiffs,

v.

FIRST FEDERAL SAVINGS BANK & TRUST, First of America Bank, Michigan National Bank, National Bank of Detroit (Genesee), Oxford Bank, Standard Federal Savings & Loan, D & N Savings Bank, Citizens Commercial and Savings Bank, Attorney General Janet Reno, in her official and individual capacities, United States Attorney Saul Green, in his official and individual capacities, the Commissioner of the United States Internal Revenue Service, in his official capacity, and The United States of America, Defendants.

No. 99–CV–74532–DT.

United States District Court, E.D. Michigan, Southern Division.

March 9, 2000.

## OPINION AND ORDER

O'MEARA, District Judge.

This matter has come before the court upon the filing of a motion to dismiss by defendants Attorney General Janet Reno, United States Attorney Saul Green, the Commissioner of the Internal Revenue Service, and the United States of America (the "federal" defendants), a motion to dismiss by defendant Oxford Bank, a motion for summary judgment by defendant Michigan National Bank, a motion by plaintiffs for partial summary judgment relative to Counts V and VI of the first amended complaint, a motion by plaintiffs for leave to file a second amended complaint, a motion by plaintiffs seeking declaratory judgment that 9/25/92 consent judgment of forfeiture is void and ordering federal defendants to return assets, a re-

newed motion by plaintiffs to compel the federal defendants to respond to plaintiffs' first set of interrogatories and requests for production, and a motion by plaintiffs to sever the case against the remaining bank defendants and remand to state court.

On January 28, 2000, a hearing was held on these motions, at which time the parties, through their respective attorneys, presented oral arguments with regard to the foregoing motions.

### Background Facts

Plaintiffs and their wives are joint owners-operators of Country Folk Art Shows, Inc. ("CFAS"), a business which produces public folk art shows. During 1991–92, Plaintiffs and their wives were investigated by the Criminal Investigation Division of the Internal Revenue Service for alleged crimes committed in their operation of CFAS. The investigation revealed evidence that Plaintiffs and their wives had failed to declare and pay income tax on the full amount of income they derived from operation of CFAS. It also suggested that Plaintiffs had structured unreported income in amounts less than $10,000 to avoid government reporting requirements on cash transactions, and deposited the structured funds in various banks and institutions.

In 1992, the Government initiated a civil forfeiture action under 18 U.S.C. § 981(a) against property owned by Plaintiffs and their wives based on their alleged structuring activities. *United States of America v. Certain Real Property Located at 6185 Brandywine Drive*, (E.D.Mich. Civil Action No. 92–40157–FL). During the same year, the Government brought criminal charges against Plaintiffs relative to illegal acts of tax evasion and structuring.

On September 25, 1992, the civil forfeiture action was disposed of by way of a consent judgment. This consent judgment was entered into upon stipulation of the United States, Plaintiffs and their wives. Under the terms of the consent judgment, several items of Plaintiffs' property were forfeited to the Government.[1]

On December 17, 1992, the criminal case was disposed of by allowing Plaintiffs and their wives to plead guilty to one count of tax evasion for the year 1988, in violation of 26 U.S.C. § 7201 and one count of "willfully" structuring bank deposits in violation of 31 U.S.C. § 5324. Under the terms of the pleas agreement, Plaintiffs received 21 months of incarceration, with the tax evasion and structuring counts to run concurrently.

On January 11, 1994, the U.S. Supreme Court decided *Ratzlaf v. United States*, 510 U.S. 135, 114 S.Ct. 655, 126 L.Ed.2d 615 (1994), holding that criminal convictions for "willfully" structuring currency transactions in violation of 31 U.S.C. § 5324 could not be sustained unless the government could establish beyond a reasonable doubt that the defendants knew such structuring was unlawful at the time when they engaged in this activity.[2]

On December 12, 1996, Plaintiffs filed motions to vacate their structuring convictions under 28 U.S.C. § 2255. They argued that at the time of their guilty pleas a factual basis was not placed on the record showing that their structuring activities were "willful" as required by *Ratzlaf*. The government conceded that the factual basis for the plea was inadequate. Accordingly, on September 5, 1997, orders were

---

**1.** Plaintiffs contend that the total value of the forfeited property was nearly $4 million. The Government maintains that the proceeds realized from forfeiture of Plaintiffs' property totaled only $2.94 million. However, this difference of opinion is of no consequence to the instant motions.

**2.** Incidentally, on September 23, 1994, Congress effectively reversed *Ratzlaf* by adopting Public Law 103–325, Section 411(a) of which amended the anti-structuring law by adding a subsection (c) to 31 U.S.C. § 5324, eliminating the word "willfully" from the criminal penalty provision and doubling the penalties for aggravated violations involving more than $100,000 in a year.

entered vacating Plaintiffs' structuring convictions.[3]

On October 13, 1998, Plaintiffs filed a motion under Fed.R.Civ.P. 60(b) challenging the consent judgment in the civil forfeiture action. On March 23, 1999, Judge Gadola conducted a hearing on Plaintiffs' motion, taking the motion under advisement. On May 7, 1999, Judge Gadola denied Plaintiffs' motion to set aside the forfeiture judgment pursuant to Rule 60(b), holding:

> [T]here is no requirement that the violation of § 5324 be "willful." Indeed, the Supreme Court explicitly noted that "Congress provide for civil forfeiture without any 'willfulness' requirement in ... 18 U.S.C. § 981(a)." *Ratzlaf,* 510 U.S. at 146 n. 16, 114 S.Ct. 655. Accordingly, while *Ratzlaf* may have had an impact on petitioners' *criminal* convictions, by its own terms, it does not have any specific bearing on the civil forfeiture in this case. Memorandum Opinion and Order of May 7, 1999 at 9–10.

Judge Gadola's Opinion also stated that:

> courts have held that a settlement in a civil forfeiture proceeding, even if prompted by a criminal conviction, is based on an agreement of the parties, and not on an underlying criminal conviction. Accordingly, a consent judgment of forfeiture may not be set aside pursuant to Rule 60(b)(5) simply because the criminal conviction is later overturned. May 7, 1999 Opinion at 8.

Most recently, on September 23, 1998, Plaintiffs commenced the present action claiming that the 1992 consent judgment of civil forfeiture was invalid because the bank defendants and federal defendants fraudulently induced and tricked Plaintiffs into committing acts of structuring, and, in any event, their acts of structuring were not "willful."

Count I of the first amended complaint, brought against all defendants jointly and severally, seeks money damages for acts of "fraud under the laws of the State of Michigan."[4] Counts II and III are brought against the United States and the individual defendants in their official capacities. Count II alleges that the federal defendants violated Plaintiffs' due process rights under the Fifth Amendment by retaining the forfeited proceeds following entry of the consent judgment. Count III alleges that the federal defendants violated Plaintiffs' rights under the excessive fines clause of the Eighth Amendment by causing the civil forfeiture of Plaintiffs' property. Count IV is brought against Attorney General Janet Reno and United States Attorney Saul Green in their individual capacities, claiming that Reno and Green violated Plaintiffs' Fifth and Eighth Amendment rights by refusing to return Plaintiffs' forfeited proceeds after their structuring convictions were set aside and also after this action was commenced. Count V seeks a declaratory judgment striking down as unconstitutional the Civil Forfeiture Statute, 18 U.S.C. § 981(a), as applied to currency structuring offenses. Count VI seeks an injunction prohibiting the federal defendants from seizing or forfeiting any property under § 981(a) for currency structuring offenses.

### *Standard of Review*

#### A. *Motions to Dismiss*

According to the Court of Appeals for the Sixth Circuit, when considering a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must "construe the complaint in the light most favorable to the plaintiff, accept all factual allegations as true, and

---

**3.** The government then elected to voluntarily dismiss the structuring charges rather than pursue a trial on those charges, inasmuch as there was no reason for the court to impose any additional sentence if they were tried and convicted again on those charges.

**4.** On January 7, 1999, the federal defendants filed a Notice of Substitution of the United States as the sole federal defendant relative to Plaintiffs' state law claims.

determine whether the plaintiff undoubtedly can prove no set of facts in support of his claims that would entitle him to relief." *In re DeLorean Motor Co.*, 991 F.2d 1236, 1240 (6th Cir.1993) (citations omitted). The court is constrained from granting the motion on a "disbelief of the complaint's factual allegations"; however, the complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." *Id.*

### B. *Motions for Summary Judgment*

A motion for summary judgment under Rule 56 of the F.R.C.P. will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c). In deciding defendant's motion, one must consider whether the evidence is such that a reasonable jury could return a verdict for plaintiff. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir.1989). The facts must be viewed in the light most favorable to plaintiff, the non-moving party. *Monette v. Electronic Data Systems*, 90 F.3d 1173 (6th Cir.1996).

### C. *Motion to Amend the Complaint*

According to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." However, a "motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." *Crawford v. Roane*, 53 F.3d 750, 753 (6th Cir.1995), *cert. denied*, 517 U.S. 1121, 116 S.Ct. 1354, 134 L.Ed.2d 522 (1996). *See also Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). Whether to grant a motion to amend is "left to the sound discretion of the trial court." *Minor v. Northville Public Schs.*, 605 F.Supp. 1185, 1201 (E.D.Mich.1985) (citing *Foman*, 371 U.S. at 182, 83 S.Ct. 227).

### *Law and Analysis*

**I. *Federal Defendants' Motion to Dismiss***

Federal Defendants allege that Count I should be dismissed because of Plaintiff's failure to exhaust administrative remedies. Under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671–80, a claimant must present a claim to the appropriate federal agency and his claim must be finally denied by that agency prior to filing suit. 28 U.S.C. § 2675(a).

On December 1, 1997, Plaintiffs presented to the Department of Justice a petition for remission of the assets forfeited under the consent judgment. This petition was denied in June of 1999. However, Federal Defendants assert that Plaintiffs' petition for remission failed to meet the FTCA administrative claim requirements for the following reasons. First, the petition did not constitute a claim for money damages. Rather, it was merely a request for remission of the assets forfeited as a result of the consent judgment. A request for return of property seized by the government does not constitute an FTCA administrative claim. *Best Bearings Co. v. United States*, 463 F.2d 1177, 1179 (7th Cir.1972). Second, Plaintiffs' petition for remission did not seek damages in a sum certain amount. *Glarner v. United Sates Dep't of Veterans Admin.*, 30 F.3d 697, 700 (6th Cir.1994). Third, Plaintiffs' petition for remission was presented more than five years after the fraud claim had accrued. This was long after the two-year limitations period for filing an administrative FTCA claim had expired. 28 U.S.C. § 2401(b).

Plaintiffs retort that under the rule of *Heck v. Humphrey* (recently extended to claims brought under the Federal Tort Claims Act) "a § 1983 cause of action for damages attributable to an unconstitutional conviction or sentence does not accrue

until the sentence or conviction has been invalidated." 114 S.Ct. at 2374. Therefore, Plaintiffs' cause of action accrued on September 5, 1997 and their administrative claim was filed ten months after that date.

■ Nevertheless, in any event, even if Plaintiffs' administrative petition satisfied the FTCA administrative claim requirements, by entering into a consent judgment agreeing to the forfeiture, Plaintiffs waived their right to litigate the issues involved in the forfeiture action. *United States v. Armour & Co.*, 402 U.S. 673, 681–82, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971); *Securities and Exchange Commission v. Levine*, 881 F.2d 1165, 1178–79 (2d. Cir. 1989).

■ Federal Defendants next argue that Counts II and III should be dismissed because they are barred by sovereign immunity. Constitutional claims for money damages cannot be brought against the United States because they are barred by sovereign immunity. *Nuclear Transport & Storage, Inc. v. United States*, 890 F.2d 1348, 1352 (6th Cir.1989); *Ashbrook v. Block*, 917 F.2d 918, 924 (6th Cir.1990). Likewise, constitutional tort actions brought against federal officers or employees in their official capacities are barred by sovereign immunity. *Ecclesiastical Order of the Ism of Am v. Chasin*, 845 F.2d 113, 115–16 (6th Cir.1988).[5]

Plaintiffs retort that Counts II and III should not be dismissed because in addition to money damages, they also seek the return of forfeited assets. Plaintiffs' argument is unpersuasive. By entering into a consent judgment agreeing to the forfeiture, Plaintiffs waived their right to litigate the issues involved in the forfeiture action, including the issues of whether the

forfeiture violated the due process and excessive fines clauses. *United States v. Armour & Co.*, 402 U.S. 673, 681–82, 91 S.Ct. 1752, 29 L.Ed.2d 256 (1971); *Securities and Exchange Commission v. Levine*, 881 F.2d 1165, 1178–79 (2d. Cir.1989).[6]

■ Count IV, brought against Attorney General Janet Reno and United Sates Attorney Saul Green in their individual capacities, claims that Reno and Green violated Plaintiffs' Fifth and Eighth Amendment rights by refusing to return Plaintiffs' forfeited proceeds after their criminal structuring convictions were set aside. Plaintiffs argue that Reno and Green are not shielded by prosecutorial immunity because they have acted as "mere custodians" in refusing to return Plaintiffs' property. However, a prosecutor's decision to refuse to remit property or refuse to stipulate to vacation of judgment of forfeiture is "advocatory" in nature. Prosecutors are shielded by absolute immunity from claims for damages arising out of all "advocatory" conduct; i.e. conduct which is "intimately associated with the judicial phase of the criminal process." *Imbler v. Pachtman*, 424 U.S. 409, 430–31, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976).

■ Further, Reno and Green are shielded from Count IV by qualified immunity. The doctrine of qualified immunity provides that government officials "performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). Plaintiffs have failed to demonstrate that the *Rat-*

---

**5.** Defendants additionally argue that Counts II and III are time barred. The statute of limitations for constitutional claims for money damages against federal employees is three years. Mich.Comp.Laws Ann. § 600.5805(8); *Owens v. Okure*, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989). Therefore, because Counts II and III accrued on September 25,

1992 when the forfeiture consent judgment was entered, the commencement of this suit on September 23, 1998 was long past the three year statute of limitations.

**6.** Defendants additionally advance res judicata and laches defenses.

*zlaf* decision, which provided Plaintiffs with a basis for challenging their criminal structuring conviction, establishes a constitutional right to have their forfeiture consent judgment set aside. Therefore, qualified immunity shields Reno and Green from Count IV and this claim should be dismissed.

■ Lastly, Federal Defendants argue that Counts V and VI should be dismissed because this is not an appropriate case for a declaratory judgment or injunctive relief. The Declaratory Judgment Act is designed to "avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued". *Cunningham Bros., Inc. v. Bail,* 407 F.2d 1165, 1168 (7th Cir.1969). Plaintiffs do not allege that they are still structuring their bank deposits from CFAS proceeds, or that they are currently fearful that the Government might seize and forfeit those structured funds. This has already occurred. Therefore, a declaratory judgment is inappropriate and Plaintiffs' motion is denied.

Similarly, injunctive relief is also inappropriate. Count VI seeks an injunction barring the United States from seizing or forfeiting money pursuant to the civil forfeiture statute, insofar as the statute has been declared to be violative of the due process clause of the Fifth Amendment or of the excessive fines clause of the Eighth Amendment. Because it is highly unlikely that Plaintiffs will succeed on the merits of their underlying claim, suffer irreparable harm or that the public interest will be advanced by the issuance of an injunction, dismissal of this count is appropriate.

## II. *Defendant Oxford Bank's Motion to Dismiss*

Defendant Oxford Bank argues that Plaintiffs' fraud claim (Count I) should be dismissed because: (1) Plaintiffs fail to plead fraud with particularity; (2) Plaintiffs' complaint for "bank fraud" fails to state any cognizable claim for fraud under Michigan law; (3) Plaintiffs have suffered no damages as a result of any alleged conduct by Oxford; (4) Plaintiffs claim is barred by the applicable statute of limitations; and (5) Oxford Bank is immune from state law claims arising out of any notification to government authorities. Each of Oxford Bank's defenses provides a valid ground for dismissal.

■ First, Plaintiffs fail to meet the Fed.R.Civ.P. 9(b) standard that claims be plead with particularity with their generalized statement that "some of the banks," "bank personnel," "tellers," and "supervisors" engaged in fraud. Next, even if Plaintiffs have pled adequately, there exists no cause of action for "bank fraud" where Plaintiffs allege that bank personnel failed to inform Plaintiffs of the laws against currency structuring or of any risk of forfeiture related to it. Further, because it is the allegedly improper conduct of Federal Defendants that caused Plaintiffs' injury (Complaint ¶ 16), Oxford's conduct is not the proximate cause of Plaintiffs' injury.

Most importantly however, Plaintiffs have no claim for relief from the Consent Judgment of Forfeiture arising out of any alleged fraud because Fed.R.Civ.P. 60(b)(3) requires that such claims be brought within one year after entry of the consent judgment. Moreover, the applicable Michigan statute of limitations is six years. MCLA 600.5813; MSA 27A.5813. Plaintiffs' state law complaint was not filed until September 23, 1998, more than six years after the allegedly fraudulent misrepresentations were made.

Finally, pursuant to 12 U.S.C. § 3403(c), "[A]ny financial institution … making a disclosure of information pursuant to this subsection, shall not be liable to the customer .. for such disclosure or for any failure to notify the customer of such disclosure." In sum, Plaintiffs' claim against

Oxford bank is deficient is numerous respects.

## III. *Defendant Michigan National Bank's Motion for Summary Judgment*

Plaintiffs set forth the identical claim against Michigan National Bank as set forth against Oxford Bank. Accordingly, for the same reasons articulated in the preceding section, Plaintiffs' claim against Michigan National Bank must fail.

## IV. *Plaintiffs' Motion for Partial Summary Judgment*

Plaintiffs' seek summary judgment on Counts V and VI asserting that the Civil Forfeiture statute, 18 U.S.C. § 981(a), on its face or as applied to the forfeiture of Plaintiffs' assets, is violative of the due process clause of the Fifth Amendment and/or the excessive fines clause of the Eighth Amendment. Plaintiffs' motion is denied for several reasons. First, as explained above, Federal Defendants are entitled to dismissal of Counts V and VI because this is not an appropriate case for

a declaratory judgment or injunctive relief. Second, by stipulating to entry of the consent judgment, Plaintiffs waived their right to litigate the issues involved in the forfeiture action, including the issues of whether the forfeiture violated the due process and excessive fines clauses. *Securities and Exchange Commission v. Levine,* 881 F.2d 1165, 1178–79 (2d. Cir .1989). Finally, as discovery has not yet commenced in this suit, summary judgment at this juncture is premature.

## V. *Plaintiffs' Motion to Amend the Complaint*

On approximately December 14, 1999, Plaintiffs filed a motion for leave to file a second amended complaint. Plaintiffs' proposed second amended complaint contains nine counts.[7] The allegations in Plaintiffs' second amended complaint are not materially different from those in Plaintiffs' first amended complaint. Therefore, for the reasons sets forth above, amendment of the complaint would be futile.[8]

---

7. Count I asserts that the federal defendants violated Plaintiffs' due process rights under the Fifth Amendment by using fraud and duress to induce Plaintiffs to stipulate to the entry of the consent judgement of forfeiture, by advancing an unmeritorious interpretation of the currency structuring laws, and by declining to set aside the consent judgment after Plaintiffs' structuring convictions were set aside. Count II, brought against the United States and the individual federal defendants in their official capacities, asserts that the consent judgement violated the excessive fines clause of the Eighth Amendment. Count III seeks a declaratory judgment that the consent judgment of forfeiture of September 25, 1992 is void and must be set aside. Count IV claims that the refusal of defendants Reno and Green to return Plaintiffs' forfeited property violated Plaintiffs' constitutional rights. Count V seeks a declaratory judgment striking down the civil forfeiture statute, 18 U.S.C. § 981(a), as unconstitutional. Count VI seeks an injunction barring the United States and its officers and agents from forfeiting any more property pursuant to § 981(a). Count VII seeks money damages for intentional mis-

representation under state law, and Count VIII seeks damages for negligent misrepresentation. Count IX seeks declaratory and injunctive relief striking down 31 U.S.C. § 5324(a)(3) as being void for vagueness in violation of the due process clause of the Fifth Amendment.

8. Plaintiffs attempt to overcome certain of Federal Defendants' defenses by asserting that sovereign immunity has been waived because this action is brought under federal statutes pertaining to wrongfully collected taxes. This argument is without merit. This action pertains to a consent judgment in a civil forfeiture action based on acts of structuring by Plaintiffs.

Plaintiffs also attempt to overcome certain of the bank defendants' defenses by including additional speculative allegations in the proposed second amended complaint as well as argument disputing the applicable statute of limitations. Even if Plaintiffs' inclusions were accepted, these assertions do not overcome Defendants' remaining valid defenses. Therefore, as stated above, amendment would be futile.

VI. *Plaintiffs' Motion Seeking Declaration That 9/25/92 Consent Judgment of Forfeiture is Void and Ordering Federal Defendants to Return Assets*

Plaintiffs' motion must fail for several reasons. First, Plaintiffs waived their claim that the consent judgment is void by stipulating to entry of the judgment. Second, Plaintiffs' claim that the consent judgment is void is barred by the doctrines of res judicata and collateral estoppel. Plaintiffs did not appeal the consent judgment and their rule 60(b) motion has been denied. Accordingly, Plaintiffs should not be permitted to relitigate this issue. Finally, until Plaintiffs' consent judgment is set aside as invalid, it is premature to seek money damages on this allegedly invalid judgment. *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994).

VII. *Plaintiffs' Renewed Motion to Compel Federal Defendants to Respond to Plaintiffs' First Set of Interrogatories and Requests for Production and Plaintiffs' Motion to Sever Case Against Remaining Bank Defendants and Remand*

On approximately July 7, 1999, Plaintiffs served Federal Defendants with Plaintiffs' first set of interrogatories and requests for production of documents. On August 5, 1999, Federal Defendants filed a motion for a protective order staying discovery until the court had ruled on Defendants' motions to dismiss. On September 23, 1999, Magistrate Judge Carlson entered an order granting Federal Defendants' motion for a protective order and denying Plaintiffs' motion to compel, "without prejudice to Plaintiffs refiling their Motion to Compel if Defendants' pending Motion to Dismiss is denied, or contending that the Motion to Dismiss should be denied because of any of the discovery denied herein." Plaintiffs did not seek reconsideration

of Magistrate Judge Carlson's Order nor did they appeal to this court. Therefore, Plaintiffs are bound to Magistrate Judge Carlson's September 29, 1999 decision and the instant motion is denied.

Next, Plaintiff seeks to remand the claims against the banks to state court because Plaintiffs claim that "[n]one of the factual or legal questions raised by Plaintiffs' claims against Bank defendants are relevant to Federal Defendants' liability." (Motion, p. 6). However, Plaintiffs' own allegations show that their claims against the bank defendants are factually and legally interrelated with the claims against Federal Defendants.[9] Therefore, supplemental jurisdiction is appropriate and Plaintiffs' motion is denied.

### *ORDER*

**IT IS NOW HEREBY ORDERED** that, for reasons set forth above and at the hearing on January 28, 2000, (1) the motion to dismiss filed by the federal defendants is **GRANTED;** (2) the motion to dismiss filed by defendant Oxford Bank is **GRANTED;** (3) the motion for summary judgment filed by defendant Michigan National Bank is **GRANTED;** (4) the plaintiffs' motion for partial summary judgment relative to Counts V and VI of the first amended complaint is **DENIED;** (5) Plaintiffs' motion seeking declaratory judgment that 9/25/92 consent judgment of forfeiture is void and ordering Federal Defendants to return assets is **DENIED;** (6) Plaintiffs' renewed motion to compel the federal defendants to respond to Plaintiffs' first set of interrogatories and requests for production is **DENIED;** and (7) Plaintiffs' motion to sever the case against the remaining bank defendants and remand to state court is **DENIED.**

**IT IS FURTHER HEREBY ORDERED** that Plaintiffs' motion for leave to file second amended complaint is **DENIED**

---

**9.** The claims share a "common nucleus of operative fact" as required under 28 U.S.C. § 1367(a).

because amendment would be futile. The claims are not plead with the required specificity, do not state claims upon which relief can be granted under the Administrative Procedures Act or federal tax statutes, and do not properly reflect the relevant law. Moreover, Plaintiffs failed to meet the administrative claim requirements under the Federal Tort Claims Act, and Plaintiffs' claims are barred by sovereign immunity.

**IT IS FURTHER HEREBY ORDERED** that this action shall be dismissed in its entirety and with prejudice with respect to defendants Attorney General Janet Reno, United States Attorney Saul Green, Commissioner of the Internal Revenue Service, United Sates of America, Oxford Bank, and Michigan National Bank.

**IT IS SO ORDERED.**