# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

March 14, 2025

Lyle W. Cayce
Clerk

No. 24-20332

Golden Bear Insurance Company,

*Plaintiff—Appellee*,

*versus*

34th S&S, L.L.C., *doing business as* Concrete Cowboy; Kacy Clemens; Daniel Joseph Wierck; Conner Capel,

*Defendants—Appellants*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:23-CV-1933

_____

Before Haynes, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Golden Bear Insurance Company filed a complaint in federal court seeking a declaratory judgment. Golden Bear claims that it has no obligation under Concrete Cowboy and Daniel Wierck's liability insurance policy to indemnify them for the entirety of a state-court judgment exceeding the policy limits. The district court agreed and entered a declaratory judgment

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-20332

to that effect.  Finding reversible error, we VACATE the judgment of the lower court and REMAND with instructions to dismiss this case.

## I. Background

On New Year's Day in 2019, Defendants Kacy Clemens and Conner Capel got into an altercation with the bouncer of Concrete Cowboy, a bar located in Texas.  Police called to the scene arrested the bouncer.

Clemens and Capel sued Concrete Cowboy and Daniel Wierck, an owner of the bar, in state court.  Attaching to the complaint photos of their injuries from the altercation, Clemens and Capel alleged that Concrete Cowboy was negligent, vicariously liable for the actions of its bouncer, and grossly negligent under Texas law.  They originally asserted damages between $200,000 and $1,000,000.

Counsel for Clemens and Capel later sent a letter to Claire Parsons, the attorney representing Concrete Cowboy and Wierck.  The letter purported to be "a *Stowers* demand letter"[1] attempting "to settle the[ir] claims without the necessity of incurring any additional expenses."  Within the document, counsel for Clemens and Capel restated the allegations in the complaint, included the photos attached to the complaint, and proposed a settlement "in exchange for the payment of all policy limits of any and all insurance contracts."

Concrete Cowboy and Daniel Wierck's insurance provider was Golden Bear Insurance Company.  The general policy limit was $1,000,000

---

[1] A *Stowers* demand letter refers to a litigant's attempt to invoke *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved), which places a duty on insurance companies to settle reasonable claims. If the insurance company unreasonably rejects settlement and the insureds then receive a judgment in excess of the policy limit, the insurer can be liable for the entire judgment, even the excess.  We further discuss the insurer's duty below.

for assault and battery, less defense costs.  Golden Bear refused the settlement demand.

Clemens's and Capel's claims went to trial.  The jury returned a verdict of $960,000 in favor of Clemens and a verdict of $2.28 million in favor of Capel.  The state court's final judgment incorporated the jury's findings and also awarded Clemens and Capel prejudgment interest, post-judgment interest, and court costs.  After defending Concrete Cowboy throughout the trial, Golden Bear tendered the remainder of the policy limit to Clemens and Capel.  That left Concrete Cowboy and Wierck personally liable for at least $2.24 million.

After the jury verdict, the parties conducted a mediation.  Concrete Cowboy, Wierck, Clemens, and Capel alleged that Golden Bear had to indemnify Concrete Cowboy and Wierck for the excess amount in judgment under its common-law *Stowers* duty.

The mediation failed.  The day after, Golden Bear filed a complaint in federal court, invoking the court's diversity jurisdiction and bringing a claim under the federal Declaratory Judgment Act.  In the complaint, Golden Bear seeks a declaration that it has no obligation under the policy to pay the remainder of the judgment.

The federal Defendants then sued Golden Bear in state court.  That complaint alleges that Golden Bear breached its *Stowers* duty to settle the personal injury case in good faith and is liable for the entire judgment in excess of the policy limit.  It also alleges malpractice against Parsons, which means there is no diversity jurisdiction and that the case is not (at least currently) removable to federal court.

The Defendants here moved to dismiss the federal case or alternatively to stay the federal action in favor of the state court case.  They argued that the district court should abstain from deciding the matter,

positing that the *Trejo*[2] factors favor a determination that the state court is best equipped to resolve the dispute. The district court summarily denied the motion without any reasoning.

Golden Bear then filed a motion for summary judgment, arguing that the settlement demand letter was insufficient to trigger its *Stowers* duty to reasonably resolve the personal injury case.

For their part, the Defendants moved to dismiss again based upon a judgment on the pleadings. *See* Fed. R. Civ. P. 12(c). In that motion, they argued that Golden Bear had not stated a valid claim for relief under the federal Declaratory Judgment Act.

The district court entered final judgment in June 2024, denying the Defendants' motion for judgment on the pleadings and granting Golden Bear's motion for summary judgment. As part of the order, the district court found that Clemens and Capel's demand letter lacked the necessary specificity to trigger Golden Bear's *Stowers* duty. Accordingly, the court found that Golden Bear had no duty to further indemnify the Defendants for the state court judgment.

The Defendants timely appealed the final judgment, including the denial of the Rule 12(c) motion.

## II. Declaratory Judgment Act

In capsule form, Golden Bear's federal complaint asks the court to declare that it is not liable under *Stowers* for the amount of the personal injury judgment exceeding the Defendants' policy limit. The district court denied the Defendants' motion for judgment on the pleadings. We review its decision de novo. *Gentilello v. Rege*, 627 F.3d 540, 543 (5th Cir. 2010).

---

[2] *St. Paul Ins. v. Trejo*, 39 F.3d 585 (5th Cir. 1994).

No. 24-20332

The Declaratory Judgment Act is a remedial act; it grants federal district courts the discretion to "declare the rights and other legal relations of any interested party." 28 U.S.C. § 2201(a) ("[A]ny court of the United States . . . *may* declare the rights . . . ." (emphasis added)). The statute permits those putative litigants who are threatened with sufficiently imminent liability to receive an "early adjudication" of their legal rights, so long as they otherwise satisfy federal subject matter jurisdiction. *Rowan Cos. v. Griffin*, 876 F.2d 26, 28 (5th Cir. 1989). The key is that a putative defendant has the chance for a federal court to weigh in *before* he engages in allegedly wrongful conduct. *See Hardware Mut. Cas. Co. v. Schantz*, 178 F.2d 779, 780 (5th Cir. 1949) ("The purpose of the Declaratory Judgment Act is to settle 'actual controversies' *before they ripen into violations of law or a breach of some contractual duty*." (emphasis added)). When evaluating whether to exercise jurisdiction, courts look to the "underlying cause of action of the defendant against the plaintiff" to make sure the Declaratory Judgment Act is the proper vehicle for resolving the dispute. *Collin County v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 171 (5th Cir. 1990). Put another way, courts should not always exercise their jurisdiction and grant relief under the Declaratory Judgment Act.

Texas law imposes a common law tort duty on insurers: they must exercise reasonable care when settling claims against their insureds. *G.A. Stowers Furniture Co. v. Am. Indem. Co.*, 15 S.W.2d 544, 547 (Tex. Comm'n App. 1929, holding approved); *Law Office of Rogelio Solis PLLC v. Curtis*, 83 F.4th 409, 411 n.1 (5th Cir. 2023), *cert. denied*, 145 S. Ct. 153 (2024). The duty arises if the insurance company receives a demand letter from a third party proposing "to release the insured fully in exchange for a stated sum of money." *Am. Physicians Ins. Exch. v. Garcia*, 876 S.W.2d 842, 848–49 (Tex. 1994). So long as the third-party claim falls under the scope of the insured's policy, the settlement demand is within policy limits, and an "ordinary

5

prudent insurer would accept [the demand]," the insurance company must settle the case. *Id.* If the insurance company fails to settle the claim, and a jury returns a verdict in excess of the policy limit, then the insurance company is potentially liable in damages for the entire judgment, even the excess. *See In re Farmers Tex. Cnty. Mut. Ins. Co.*, 621 S.W.3d 261, 267–68 (Tex. 2021) (applying *Stowers* only to those situations when "the insured's liability exceeds policy limits"). Therefore, the Defendants' underlying claim against Golden Bear—breach of its *Stowers* duty by failing to accept Clemens and Capel's settlement offer—is essentially a negligence claim, sounding in Texas tort law.

Golden Bear's complaint is a misuse of the Declaratory Judgment Act, such that the district court should have declined to exercise its discretionary jurisdiction in this context.[3] The Declaratory Judgment Act is a procedural device for parties to adjudicate their legal rights *before* the dispute ripens into misconduct. *See Frye v. Anadarko Petroleum Corp.*, 953 F.3d 285, 294 (5th Cir. 2019). Under *Stowers*, Golden Bear's alleged misconduct—negligently refusing to settle the claim—is already complete; the original jury returned a verdict exceeding the policy limit. Golden Bear cannot invoke the Act to retroactively argue that it never had a duty to begin with because the demand letter was too vague. Instead, that is an appropriate defense for Golden Bear to raise in the state forum chosen by the allegedly injured parties. Allowing the complaint to proceed here would "enable a prospective negligence action defendant to obtain a declaration of non-liability," which "is not one of the

---

[3] Notably, the district court did not even mention or analyze the factors of *Trejo*, 39 F.3d at 590–91. In that case, we outlined seven factors regarding discretionary jurisdiction under the Declaratory Judgment Act. Had the district court analyzed it, it would have realized that several of those factors strongly go against Golden Bear and would not have ruled for Golden Bear.

purposes of the declaratory judgment act[].” *Torch, Inc. v. LeBlanc*, 947 F.2d 193, 196 n.2 (5th Cir. 1991) (quoting *Cunningham Bros., Inc. v. Bail*, 407 F.2d 1165, 1167 (7th Cir. 1969)); *see Cunningham*, 407 F.2d at 1167 (“[C]ompel[ling] potential personal injury plaintiffs to litigate their claims at a time and in a forum chosen by the alleged tort-feasor would be a perversion of the Declaratory Judgment Act.”); s*ee* 10B Charles Alan Wright, Arthur R. Miller, Mary Kay Kane & Adam N. Steinman, Federal Practice and Procedure § 2765 (4th ed., June 2024 update) (“[I]t is not one of the purposes of the declaratory judgment[] act to enable a prospective negligence action defendant to obtain a declaration of nonliability.”).

Because the district court improperly denied the Defendants’ motion for judgment on the pleadings and granted Golden Bear’s motion for summary judgment, we REVERSE both decisions and REMAND with instructions to dismiss this case under Rule 12(c).