**DANA CORPORATION, Plaintiff,**

v.

**The LTV CORPORATION, Continental–Emsco Company, LTV Energy Products Company, all Delaware corporations, and Hartford Accident & Indemnity Company, a Connecticut corporation, Defendants.**

**Civ. A. No. 8497.**

Court of Chancery of Delaware, New Castle County.

Argued: Dec. 5, 1994.
Decided: Jan. 9, 1995.

Judgment affirmed —— A.2d ——.

| Project | Harmony's Assumed Start–Up Date | DelDOT's Assumed Start–Up Date | Actual Start–Up Date |
|---|---|---|---|
| Contract 11 | 5/1 | 6/15 | 7/10 |
| Contract 03 | 5/1 | 6/1 | — |

4.

| Project | Harmony's Assumed Start–Up Date | DelDOT's Assumed Start–Up Date | Actual Start–Up Date |
|---|---|---|---|
| Contract 04 | 5/1 | 6/1 | 5/8 |
| Contract 09 | 5/15 | 6/1 | 5/13 |

Paul P. Welsh, of Morris, Nichols, Arsht & Tunnell, Wilmington, for Plaintiff.

Richard H. Morse, and David C. McBride, of Young, Conaway, Stargatt & Taylor, Wilmington; Michael V. Powell, of Locke Purnell Rain Harrell, Dallas, Texas; and William L. Neary, of Dallas, Texas, for Defendants, The LTV Corporation, Continental–Emsco Company, and LTV Energy Products Company.

Joel R. Brown, of Tybout, Redfearn & Pell, Wilmington, for Defendant, Hartford Accident & Indemnity Company.

BALICK, Vice Chancellor.

Dana Corporation ("Dana"), a Virginia corporation, filed this declaratory judgment action against The LTV Corporation ("LTV") and its subsidiaries, Continental–Emsco Company and LTV Energy Products Compa-

ny, all Delaware corporations, and Hartford Accident & Indemnity Company ("Hartford"), a Connecticut corporation. This is the opinion on the LTV defendants' motion to dismiss.

I

In 1980, LTV agreed to purchase a mobile oil rig manufacturing business operated by Dana's wholly owned Delaware subsidiary, Wilson–Wichita, Inc. ("Wilson–Wichita"). Dana agreed to complete the transaction as follows: Dana formed a wholly owned Delaware subsidiary, Wilson Oil Rig Manufacturing Co. ("WORMCO"); Wilson–Wichita transferred the assets of the business to WORMCO; and Dana sold the stock of WORMCO to a wholly owned subsidiary of LTV, Jones & Laughlin Industries, Inc., pursuant to a Stock Purchase and Sales Agreement signed by Dana, Wilson–Wichita, and LTV. The business is now operated by LTV's wholly owned subsidiary, Continental–Emsco Company.

In 1981, Dana dissolved Wilson–Wichita. After the pending claims were paid, assets worth $32 million were distributed to Dana. The three-year period during which claims could be filed against Wilson–Wichita expired on December 31, 1984.

In 1982, a controversy arose concerning product liability claims relating to rigs manufactured before the closing of the Stock Purchase and Sales Agreement on January 9, 1981 ("preacquisition claims"). Hartford insured both Dana and LTV for product liability. The policies allowed Hartford to charge certain costs to the insured. When preacquisition claims were filed, Dana and LTV each contended that the other was responsible to Hartford for the chargeable costs. Hartford filed a declaratory judgment action in federal court in Texas, whose law governs the contract between Dana and LTV, to determine which insured was responsible.

In 1984, the Texas court concluded that liability for preacquisition claims was not transferred to WORMCO by the contract or by operation of law. The court stated that LTV capitulated on the issue of indemnity, and accepted in compromise that Dana would provide LTV with the benefit of certain insurance policies and indemnify LTV only to the extent that consequential damages were not paid under those policies. The court found Dana and Wilson–Wichita liable to Hartford for costs incurred in connection with the three product liability claims that had been brought as of that date. The court declared that Dana and Wilson–Wichita would continue to be liable for such costs "so long as Hartford continues to insure Dana, Wilson–Wichita, WORMCO, LTV and Continental–Emsco, Inc., (Continental) for product liabilities . . . ." *Hartford Accident & Indem. Co. v. LTV Corp.*, C.A. No. CA–3–82–0679–D, (N.D.Tex. Sept. 6, 1984) (Order), at 2.

In 1985, the Texas court's judgment was affirmed on appeal. The circuit court of appeals explained that the district court's conclusion that "Hartford extinguished a potential liability of Dana" did not refer to vicarious liability but only to Dana's liability under its policy with Hartford covering claims against Wilson–Wichita. *Hartford Acc. & Indem. Co. v. LTV Corp.*, 774 F.2d 677, 681 (5th Cir.1985).

In 1986, Dana filed the present action. LTV then filed bankruptcy proceedings in New York, which automatically stayed this action. LTV also moved for further relief in Texas. The Texas court denied the motion. *Hartford Accident & Indem. Co. v. The LTV Corp.*, C.A. No. 3–82–0679–R (N.D.Tex. Nov. 4, 1986).

In 1989, Dana's application for relief from the bankruptcy stay of this action was denied. In affirming that decision, the Second Circuit Court of Appeals said:

On appeal, Dana argues that the District Court improperly concluded that a ruling by the Delaware court would not resolve all the pre-acquisition products liability issues. Where a corporation liable for tort claims has been dissolved, the issue of liability by corporate successors is an unsettled question whose outcome is a function of the facts of each case and the law of the jurisdiction where the case is filed. Given this uncertainty, we find that the Bankruptcy Court did not err in concluding that "[a]llowing the Delaware action to go forward would not prevent the Louisi-

ana Court or any other Court from considering the issues of indemnification between LTV and Dana on both contract, tort or other theories."

*Dana Corp. v. LTV Corp.*, 990 F.2d 624, C.A. No. 92–5009 (2d Cir. Jan. 27, 1993) mem. op. at 2–3 (citations omitted).

## II

The purpose of the statute on declaratory judgments is to afford relief from uncertainty with respect to rights. 10 *Del.C.* § 6512. A court may refuse to render a declaratory judgment if it will not terminate the uncertainty. 10 *Del.C.* § 6506. A court will exercise its discretion to grant declaratory relief when the benefit outweighs the risk of premature judgment. 10A Wright, Miller & Kane, Federal Practice & Procedure: Civil 2d § 2759. Declaratory judgment is appropriate only if there is an actual controversy between the parties. *Stroud v. Milliken Enter., Inc.*, Del.Supr., 552 A.2d 476, 479 (1989). One of the determining factors is the dispute's ripeness for adjudication. *Schick Inc. v. ACTWU*, Del.Ch., 533 A.2d 1235, 1238 (1987). The reasons behind that requirement have been summarized as follows:

Ripeness doctrine serves the same general purposes as other branches of justiciability theory. The central perception is that courts should not render decisions absent a genuine need to resolve a real dispute. Unnecessary decisions dissipate judicial energies better conserved for litigants who have a real need for official assistance. As to the parties themselves, courts should not undertake the role of helpful counselors, since refusal to decide may itself be a healthy spur to inventive private or public planning that alters the course of possible conduct so as to achieve the desired ends in less troubling or more desirable fashion. Defendants, moreover, should not be forced to bear the burdens of litigation without substantial justification, and in any event may find themselves unable to litigate intelligently if they are forced to grapple with hypothetical possibilities rather than immediate facts. Perhaps more important, decisions involve lawmaking. Courts worry that unnecessary lawmaking should be avoided, both as a matter of defining the proper role of the judiciary in society and as a matter of reducing the risk that premature litigation will lead to ill-advised adjudication. These concerns translate into an approach that balances the need for decision against the risks of decision. The need to decide is a function of the probability and importance of the anticipated injury. The risks of decision are measured by the difficulty and sensitivity of the issues presented, and by the need for further factual development to aid decision.

13A Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction 2d, § 3532.1 (footnotes omitted).

## III

Dana's complaint in this action requests this court to enter a declaratory judgment determining:

(i) That because Wilson–Wichita complied with Delaware law in its dissolution and in the distribution of its assets, those events did not render Wilson–Wichita's former shareholder, Dana, liable for any claims against Wilson–Wichita arising after December 31, 1984, and Dana has no other liability for any such claims against Wilson–Wichita.

(ii) That Dana has no liability or obligation to the LTV defendants for pre–1981 Products Liability Claims arising after December 31, 1984, that have been and/or will be asserted against the LTV defendants.

(iii) That Wilson–Wichita no longer exists, is no longer amenable to suit, and is no longer insured by Hartford.

(iv) That Hartford may not charge the policies it issued to Dana for any costs of defending suits against the LTV defendants based on pre–1981 Products Liability Claims asserted after December 31, 1984.

LTV argues that its claim for indemnity is not ripe for determination and that the court should exercise its discretion to deny Dana's request for declaratory relief.

I will first discuss Dana's request relating to LTV's claim for indemnity for pre-

acquisition product liability claims and then turn to the claim for the costs of defense.

I conclude for the following reasons that the risk of premature judgment outweighs the benefit of declaratory relief, and will therefore grant defendants' motion to dismiss.

\* \* \*

LTV's claim for indemnity for preacquisition product liability claims is contingent on a claimant's future recovery from LTV. Courts have declined to enter a declaratory judgment with respect to indemnity until there is a judgment against the party seeking it. *Cunningham Brothers, Inc. v. Bail,* 407 F.2d 1165 (7th Cir.), *cert. denied,* 395 U.S. 959, 89 S.Ct. 2100, 23 L.Ed.2d 745 (1969). Dana relies on cases concerning insurance coverage. Although insurance policies are contracts of indemnity, they often involve a duty to defend and other provisions that are suitable for declaratory determination. 10A Wright, Miller & Kane, Federal Practice & Procedure: Civil § 2760. Courts have nonetheless refused to decide an insurer's duty to indemnify before there is a judgment against the insured. A. Windt, *Insurance Claims and Disputes* § 8.03 n. 10 at p. 419 (2d ed. 1988).

Dana argues that the Texas court ruled that this action is appropriate when it denied LTV's motion for further relief. LTV contended that Dana's refusal to pay charges incurred to defend two pending product liability claims violated the court's declaratory judgment. The court denied further relief in part for reasons of comity and federalism. The court also considered that the judge who entered the declaratory judgment was no longer on the court. In deciding the issue framed by the parties, namely, which forum was "appropriate," the court expressed no opinion on whether declaratory relief was appropriate on the much broader issues posed by Dana in this action.

■ It is unlikely that a product liability claimant will recover against LTV. The Texas court ruled that the responsibility for preacquisition claims did not pass to LTV. LTV will be exposed to liability only if a court follows some exception to the traditional rule

that a transfer of assets does not pass liabilities unless the transferee agrees to assume them. 1 Louis R. Frumer & Melvin I. Friedman, *Products Liability* § 2.06 (1990). According to LTV, the mobile oil rigs manufactured by Wilson–Wichita and its predecessors are not likely to be used in the small minority of jurisdictions that have departed from the traditional rule. Experience supports that prediction. There have been about ten preacquisition claims filed against LTV since January 1981. All but the two most recently filed cases have been resolved by voluntary dismissal or summary judgment for LTV.

■ One of the reasons that the New York courts denied Dana's motion for relief from the bankruptcy stay was that this action would not completely resolve the controversy between Dana and LTV. I agree that this court cannot completely terminate the uncertainty with respect to whether LTV has a right of indemnity against Dana. That issue may not be governed by Texas contract law or Delaware corporation law but by another state's tort law. Restatement (Second) of Conflict of Laws § 173 (1971). The place where the injury occurred is an important factor in determining the choice of law. Restatement (Second) of Conflicts § 145 (1971). A public policy of spreading the cost of compensating persons harmed by defective products has prompted some states to develop tort "exceptions" to contract and corporation rules that would leave injured persons without a remedy. *See, e.g., Cyr v. B. Offen & Co., Inc.,* 501 F.2d 1145 (1st Cir.1974) (product line exception); *Ray v. Alad Corp.,* 19 Cal.3d 22, 136 Cal.Rptr. 574, 560 P.2d 3 (1977) (continuity of enterprise exception). In determining the choice of law, courts try to accommodate the policies of other interested states. Restatement (Second) of Conflict of Laws § 6 (1971). Declaratory judgment is not appropriate when the choice of law depends on future facts. *Playtex Family Prod. v. St. Paul Surplus,* Del.Super., 564 A.2d 681, 689 (1989).

LTV's claim for indemnity comes in cases in which product liability claimants also sue Dana directly. Those claimants cannot be joined in this action and would not be bound

by this court's judgment. They will continue to sue Dana as injuries occur. The slight uncertainty created by LTV's contingent claim for indemnity is secondary to Dana's concern that a product liability claimant will obtain a judgment directly against Dana. It is fair to infer that Dana's main motivation is to obtain a precedent that will be useful against those claimants. A court will not grant declaratory relief to a party whose primary purpose is to achieve an unfair procedural advantage. *Schick*, 533 A.2d at 1242.

Dana argues that it needs a decision while the witnesses are still available. The circumstances surrounding the negotiations of the contract between Dana and LTV were the subject of a three-day trial in Texas. Although Wilson–Wichita was dissolved before Hartford sought declaratory relief in Texas, it appears that the effect of the dissolution was not raised as an issue in that action. However, Dana can preserve records relating to Wilson–Wichita's dissolution or operation for the purpose of defending any claim that might be brought against Dana as the sole shareholder of Wilson–Wichita.

Product liability law, including the rules relating to indemnity, is unsettled and complex. *Schneider Nat., Inc. v. Holland Hitch Co.*, Wyo.Supr., 843 P.2d 561 (1992). The law concerning shareholder responsibility for product liability claims that arise after dissolution is also evolving and uncertain. *In re RegO Co.*, Del.Ch., 623 A.2d 92, 95 (1992). The statute that was in effect in 1981 when Wilson–Wichita was dissolved was amended in 1987 to provide protection for future product liability claimants and limited liability for shareholders. 8 *Del.C.* §§ 281, 282. A court may never need to confront the "unclear" and "troubling" problem "of obvious social concern" posed by Dana now that it has been addressed by statute. *RegO*, 623 A.2d at 96. In these circumstances, premature adjudication would be particularly imprudent.

\* \* \*

■ LTV's claim for the costs of defense is not contingent on a product liability claimant's recovery from LTV. When claimants sued LTV, LTV would claim that Dana had a duty to defend LTV. That claim was apparently based on the Texas court's determina-tion that the parties' contract contains Dana's promise to provide LTV with the benefit of certain insurance policies. Perhaps the asserted duty to defend was a shorthand way of claiming that Hartford's costs were chargeable to Dana while those policies were in effect. At this point in time, those policies have not been in effect for years, and Hartford therefore has no interest in Dana's request for declaratory relief.

LTV has not sued Dana for the costs incurred in defending past product liability claims and the statute of limitation would now probably bar that claim. LTV says that it no longer claims that Dana has a duty to defend LTV. I am satisfied that LTV has abandoned that claim and that Dana has no substantial need for declaratory relief with respect to it.