# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

# IN AND FOR NEW CASTLE COUNTY

| | | |
|---|---|---|
| YELLOW PAGES GROUP, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N13C-10-225 JRJ CCLD |
| | ) | |
| ZIPLOCAL, LP, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

Date Submitted: December 22, 2014
Date Decided: January 27, 2015

*Upon Defendant Ziplocal, LP's Motion to Dismiss or, in the Alternative, to Stay*:
**DENIED, in part,** and **GRANTED, in part.**

Gary W Lipkin, Esquire, Duane Morris LLP, 222 Delaware Avenue, Suite 1600, Wilmington, DE 19801, David J Wolfsohn, Esquire (*pro hac vice*) (argued), Aleksander J. Goranin, Esquire (*pro hac vice*), Duane Morris LLP, 30 South 17th Street, Philadelphia, PA 19103, Attorneys for Plaintiff Yellow Pages Group, LLC.

Christine D Haynes, Esquire (argued), Robert W Whetzel, Esquire, Richards Layton & Finger PA, 920 North King Street, Wilmington, DE 19801, Attorneys for Defendant Ziplocal, LP.

**Jurden, P.J.**

## I. INTRODUCTION

Before the Court is Defendant Ziplocal, LP's ("Ziplocal") Motion to Dismiss or in the Alternative, to Stay. On October 18, 2013, Yellow Pages Group, LLC ("YPG") filed a Complaint against Ziplocal seeking damages and declaratory relief based on Ziplocal's failure to indemnify YPG in connection with copyright litigation filed by a third-party against both YPG and Ziplocal. Ziplocal has moved to dismiss YPG's Complaint, or in the alternative to stay pending resolution of the third-party litigation, on the basis that: (1) YPG failed to state a claim for breach of contract; and (2) its claim for indemnification is not ripe.

## II. BACKGROUND

Ziplocal (formerly Phone Directories Company) is a publisher of print and online telephone directories, which typically include advertisements having photographic images.[1] YPG is a provider of publishing-related services to telephone-directory publishers like Ziplocal.[2]

On March 15, 2004, Ziplocal entered into a license agreement with Yellow Pages Photos, Inc. ("YPPI").[3] Pursuant to that agreement, YPPI's predecessor

---

[1] Compl.¶ 5 (Trans. ID. 54406233).
[2] *Id.* at ¶ 7.
[3] *Id.* at ¶ 6.

licensed Ziplocal the limited right to use certain photographic images created and produced by YPPI and its predecessor.[4]

Effective November 1, 2010, Ziplocal and YPG entered in an agreement ("Outsourcing Agreement"), pursuant to which YPG was required to provide certain publishing services to Ziplocal, including the production of advertisements for publication in Ziplocal's directories.[5]

The Outsourcing Agreement contains several provisions implicated by the instant action. Pursuant to Section 13.01, titled "Mutual Representations and Warranties," Ziplocal represented that performance of the Outsourcing Agreement would not "result in the breach or a violation of, or conflict with . . . any of the terms or provisions of . . . any contracts . . . to which it is a party."[6] Section 14.01, titled "Indemnification by Ziplocal," provides in part:

> Ziplocal agrees to hold harmless and indemnify YPG . . . from and against all losses, damages, costs or expenses in whatever form or nature, including reasonable legal fees, sustained or incurred as a result of a third party claim relating to any act or omission of Ziplocal, its officers, directors, employees or agents from or in connection with:
>
> (a) Any breach by Ziplocal of Section 13.01; [and]
>
> (b) The violation or infringement by Ziplocal of any copyright, trademark, patent or intellectual property right;[7]

---

[4] Defendant Ziplocal, LP's Motion to Dismiss or, in the Alternative, to Stay ¶ 1 ("Mot. Dismiss") (Trans. ID. 54714129).
[5] Compl.¶ 8.
[6] *Id.* ¶ 11.
[7] *Id.*

Section 16.01, titled "Escalation Process," sets forth the dispute resolution process that must be followed "[i]f the parties experience any conflict during the Term of the Agreement or at any time after its expiration or termination, arising out of or connected with the Agreement . . . ."[8] Finally, Section 18.11 provides that New York law applies to the Outsourcing Agreement.[9]

On April 9, 2012, YPPI filed an action against Ziplocal, YPG, and YPG's parent affiliate, Yellow Media Inc. ("Yellow Media") in the United States District Court for the Middle District of Florida ("Florida Litigation").[10] In the Florida Litigation, YPPI alleges that both Ziplocal and YPG committed copyright infringement after Ziplocal breached certain provisions in its license agreement with YPPI, thereby rendering the further use of YPPI's photographs by either Ziplocal or YPG an alleged violation of the Copyright Act and subsequent end-user license agreements ("EULAs").[11]

On April 25, 2012, YPG demanded indemnification from Ziplocal under the Outsourcing Agreement via a letter from YPG's outside counsel.[12] On August 14, 2013, YPG again demanded indemnification from Ziplocal via email

---

[8] Mot. Dismiss ¶ 5.
[9] *Id.* ¶ 6.
[10] Compl. ¶ 14.
[11] *Id.* ¶ 15.
[12] *Id.* ¶ 22.

correspondence from YPG's outside counsel to Ziplocal's outside counsel in the Florida Litigation.[13] Ziplocal failed to respond to any of YPG's written demands.[14]

YPG filed a Complaint against Ziplocal on October 18, 2013, seeking damages for breach of contract and a judicial declaration that Ziplocal is obligated under the Outsourcing Agreement to indemnify YPG.[15] In its Complaint, YPG alleges that the Florida Litigation constitutes a third-party claim triggering Ziplocal's indemnification obligations under section 14.01 of the Outsourcing Agreement because the Florida Litigation is based on allegations that Ziplocal: (a) breached the terms of another contract to which Ziplocal is a party; and/or (b) violated and infringed YPPI's copyrights in connection with performance of the Outsourcing Agreement.[16] Accordingly, YPG asserts that Ziplocal is obligated to hold YPG harmless and indemnify YPG from all losses, damages, costs or expenses, including reasonable legal fees, it has incurred and will continue to incur as a result of the Florida Litigation.[17]

In March 2014, a jury trial in the Florida Litigation was held.[18] A judgment was entered against both Ziplocal and YPG.[19] YPG has appealed to the Court of

---

[13] *Id.* ¶ 23.
[14] *Id.* ¶¶ 22–23.
[15] Compl. (Trans. ID. 54406233).
[16] *Id.* ¶ 21.
[17] *Id.*
[18] YPG's October 6, 2014 Letter to the Court Regarding Florida Litigation (Trans. ID. 56151133).
[19] *Id.*

Appeals for the Eleventh Circuit.[20] Ziplocal initially filed a notice of appeal but later dismissed its appeal "to minimize expense and, in particular, because Ziplocal's arguments on appeal would largely be the same as YPG's arguments."[21]

## III. PARTIES' CONTENTIONS

Ziplocal argues that the Complaint should be dismissed for failure to state a claim upon which relief may be granted because YPG failed to comply with the dispute resolution requirements set forth in Section 16.01 of the Outsourcing Agreement, a condition precedent to Ziplocal's indemnification obligations.[22] Ziplocal also asserts that YPG's claims for indemnification are not ripe for adjudication because the Florida Litigation is currently on appeal.[23] According to Ziplocal, there is no immediate controversy because it is not certain whether YPG will ever suffer any losses or damages for which Ziplocal arguably would have to indemnify and, although YPG has incurred legal expenses to date, the total amount of legal expenses that will be incurred is unknown until the Florida Litigation reaches a final resolution.[24]

Alternatively, if the Complaint is not dismissed, Ziplocal argues that the matter should be stayed pending resolution of the Florida Litigation because

---

[20] *Id.*
[21] Ziplocal's October 9, 2014 Letter in Response to Plaintiff's Letter Regarding Florida Litigation (Trans. ID. 56171176).
[22] Mot. Dismiss ¶¶ 10–13.
[23] *Id.* ¶ 10.
[24] *Id.* ¶¶ 14–15.

YPG's claim for indemnification is not ripe while the Florida Litigation is pending.[25] Ziplocal contends that because its obligation to indemnify, if any, will not arise before the Florida Litigation has reached a final resolution, and therefore, "[i]t is impractical and inefficient for the parties to litigate any obligation of Ziplocal to indemnify before such obligation has arisen."[26]

In opposition, YPG argues that the Complaint states a claim for breach of contract because it alleges that: (1) the Outsourcing Agreement is a valid contract between Ziplocal and YPG and Ziplocal is contractually obligated to indemnify YPG pursuant to Section 14.01 of the Outsourcing Agreement;[27] (2) Ziplocal has breached its obligations under the Outsourcing Agreement by its failure to "hold harmless and indemnify YPG . . . from and against all losses, damages, costs or expenses . . . sustained or incurred as a result of YPPI's Third Party Claim and/or breach of Ziplocal's representation that performance of the Outsourcing Agreement does not result in a breach or violation of, or conflict with" any other contracts to which it is a party;[28] and (3) YPG has been damaged by Ziplocal's breach and has incurred and will continue to incur costs and expenses defending itself in the Florida Litigation.[29]

---

[25] *Id.* ¶ 20.

[26] *Id.*

[27] Yellow Pages Group, LLC's Response in Opposition to Ziplocal's LP's Motion to Dismiss or, in the Alterative, to Stay at 5–6 ("Pl.'s Resp.") (Trans. ID. 54977489).

[28] *Id.* at 6.

[29] *Id.*

YPG further argues that even if the dispute resolution process is a condition precedent to Ziplocal's indemnification obligations, by refusing to engage in any discussion about its indemnity obligations, Ziplocal has substantially hindered performance, and therefore, the Complaint sets forth well-pled facts in support of the performance, excuse and/or waiver of any condition precedent.[30]

With respect to ripeness, YPG contends that the Complaint is ripe for declaratory judgment because a judgment has been entered in the Florida Litigation, and Ziplocal has failed and refused to pay legal fees due under the Outsourcing Agreement.[31] Furthermore, because the Complaint is ripe, YPG argues that Ziplocal has failed to show good cause why the action should be stayed pending final disposition of the Florida Litigation.[32]

## IV. STANDARD OF REVIEW

The Court assumes that all well-pled facts in a complaint are true when considering a Motion to Dismiss under Superior Court Rule 12(b)(6).[33] Allegations are well-pled if they place the defendant on notice of the claim.[34] Although the

---

[30] *Id.* at 7. YPG also argues that Ziplocal's reliance on the dispute resolution process set forth in the Outsourcing Agreement is not an appropriate basis for a motion to dismiss because it raises an issue that requires development of the factual record. *Id.* at 6.

[31] *Id.* at 8–9.

[32] *Id.* at 10–11.

[33] *Brevet Capital Special Opportunities Fund, LP v. Fourth Third, LLC*, 2011 WL 3452821, *6 (Del. Super. Aug. 5, 2011).

[34] *Precision Air, Inc. v. Standard Chlorine of Del., Inc.*, 654 A.2d 403, 406 (Del. 1995).

pleading threshold in Delaware is low, "[a]llegations that are merely conclusory and lacking factual basis, however, will not survive a motion to dismiss."[35]

## V. DISCUSSION

### 1. Breach of Contract

To survive a motion to dismiss for failure to state a claim for breach of contract, the plaintiff must show: (1) the existence of the contract, whether express or implied; (2) the breach of an obligation imposed by that contract; and (3) any damages that the plaintiff incurred as a result of the breach.[36] Additionally, to recover damages for any breach of contract, a plaintiff must demonstrate substantial compliance with all provisions of the contract.[37]

In its Complaint, YPG alleges that: (1) the Outsourcing Agreement is a valid contract between Ziplocal;[38] (2) the Florida Litigation triggered the indemnification provision under the Outsourcing Agreement; (3) Ziplocal breached its obligations under the Outsourcing Agreement by failing and refusing to hold YPG harmless and indemnify YPG; and (4) YPG has been damaged by Ziplocal's breach because it has incurred.[39]

Delaware Superior Court Civil Rule 9(c) provides that:

---

[35] *Brevet Capital*, 2011 WL 3452821, at *6.
[36] *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003).
[37] *Shah v. Am. Solutions, Inc.*, 2012 WL 1413593, at *2 (Del. Super. Mar. 8, 2012).
[38] Pl.'s Resp. at 5–6.
[39] *Id.*

In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.[40]

Paragraph 34 of the Complaint alleges that, "YPG has complied with and performed all of its obligations under the Outsourcing Agreement and has satisfied all conditions precedent to Ziplocal's indemnification obligations under the Outsourcing Agreement."[41] Paragraph 36 of the Complaint alleges that, "[t]o the extent any conditions precedent to filing this suit exist, such as the dispute resolution process set forth in Section 16.01 of the Outsourcing Agreement, YPG has satisfied those conditions through its correspondence with Ziplocal on April 25, 2012 and August 14, 2013, which Ziplocal ignored, such that any further attempt to informally resolve this matter would be futile."[42]

At this stage in the proceedings, YPG has pled sufficient facts to support a claim for breach of contract against Ziplocal.

**2. Stay of Proceedings**

Jurisdiction to award declaratory relief exists only if an "actual controversy" exists between the parties.[43] For an "actual controversy" to exist, four prerequisites must be satisfied:

---

[40] Super. Ct. Civ. R. 9(c).
[41] Compl. ¶ 34.
[42] *Id.* ¶ 36.
[43] *XI Specialty Ins. Co. v. WMI Liquidating Trust*, 93 A.3d 1208, 1217 (Del. 2014).

(1) It must be a controversy involving the rights or other legal relations of the party seeking declaratory relief; (2) it must be a controversy in which the claim of right or other legal interest is asserted against one who has an interest in contesting the claim; (3) the controversy must be between parties whose interests are real and adverse; (4) the issue involved in the controversy must be ripe for judicial determination.[44]

"[I]ndemnification claims do not typically ripen until *after* the merits of an action have been decided, and all appeals have been resolved."[45] Consequently, YPG's indemnification claim is not ripe for adjudication.

"The granting of a motion to stay is not a matter of right, but rather rests within the sound discretion of the court. The court should inform its analysis with considerations of comity and the necessities of an orderly and efficient administration of justice."[46] As a matter of "litigative efficiency,"[47] the Court will stay this matter pending the final disposition of the Florida Litigation.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss, or in the Alternative, to Stay is **DENIED, in part**, and **GRANTED, in part**. YPG has pled sufficient facts to support a claim for breach of contract against Ziplocal. The

---

[44]*Id.* (citing *Stroud v. Milliken Enterprises, Inc.*, 552 A.2d 476, 479–80 (Del. 1989)).

[45] *Hampshire Grp., Ltd. v. Kuttner*, 2010 WL 2739995, at *53 (Del. Ch. July 12, 2010). *See also Corp. v. LTV Corp.*, 668 A.2d 752, 756 (Del. Ch.) *aff'd,* 670 A.2d 1337 (Del. 1995).

[46] *Sprint Nextel Corp. v. iPCS, Inc.*, 2008 WL 4516645, at *2 (Del. Ch. Oct. 8, 2008).

[47] *Brudno v. Wise*, 2003 WL 1874750, at *5 (Del. Ch. Apr. 1, 2003) ("[T]he interests of litigative efficiency, judicial economy, and comity weigh heavily in favor of the entry of a stay for the time being."); *Simon v. Navellier Series Fund,* 2000 WL 1597890, at *9 (Del. Ch. Oct.19, 2000).

Court will stay this matter pending the final disposition of the underlying action in Florida.

       **IT IS SO ORDERED**.

 

_____

Jan R. Jurden, President Judge