**IN THE COURT OF CHANCERY OF THE STATE OF DELAWARE**

DR. THOMAS MARKUSIC,   )
DR. MAXYM POLYAKOV,   )
NOOSPHERE VENTURE PARTNERS )
LP, and FIREFLY AEROSPACE, INC., )
            )
   Plaintiffs,     )
            )
   v.        ) C.A. No. 2019-0753-KSJM
            )
MICHAEL BLUM, PATRICK JOSEPH )
KING, LAUREN MCCOLLUM, STEVEN )
BEGLEITER, GREEN DESERT N.V., )
SWING INVESTMENTS BVBA,  )
BRIGHT SUCCESS CAPITAL LTD, and )
WUNDERKIND SPACE LTD.,  )
            )
   Defendants.    )

**ORDER DENYING MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS**

1. This Order incorporates the factual background and defined terms set forth in the court's August 18, 2020 Order Granting Motion to Dismiss Counterclaims (the "August 18 Order").[1] Additional facts are drawn from the pleadings as admitted and denied in the defendants' answer to the complaint, as well as documents incorporated by reference therein.[2] The court accepts the non-movants' well-pled factual assertions.[3]

---

[1] C.A. No. 2019-0753-KSJM, Docket ("Dkt.") 29 ("August 18 Order").

[2] *See* Dkt. 1 ("Compl."); Dkt. 3. This Order cites to the answer and the counterclaims separately as the "Answer" and the "Countercls.," respectively.

[3] *See GreenStar IH Rep, LLC v. Tutor Perini Corp.*, 2017 WL 5035567, at *2 (Del. Ch. Oct. 31, 2017) (noting, where the plaintiff moved for judgment on the pleadings, that the court "must . . . accept as true the denials and the well-pled facts in [defendant's] answer and counterclaims, respectively, and draw all reasonable inferences therefrom" (citing *Cypress Assocs., LLC v. Sunnyside Cogeneration Assocs. Project*, 2007 WL 148754, at *2 & n.3 (Del. Ch. Jan. 17, 2007); *EMSI Acq., Inc. v. Contrarian Funds, LLC*,

2.      Original Firefly's Restated Certificate of Incorporation, dated May 25, 2016, contains a forum selection clause (the "Forum Selection Clause") stating that:

> [T]he Court of Chancery of the State of Delaware shall be the sole and exclusive forum for (i) any derivative action or proceeding brought on behalf of the Corporation, (ii) any action or proceeding asserting a claim of breach of a fiduciary duty owed by any director or officer of the Corporation to the Corporation or the Corporation's stockholders, (iii) any action or proceeding asserting a claim against the Corporation arising pursuant to any provision of the General Corporation Law or the Corporation's Amended and Restated Certificate of Incorporation or Bylaws, or (iv) any action or proceeding asserting a claim against the Corporation governed by the internal affairs doctrine . . . .[4]

3.      In June 2019, the Original Firefly Investors (the "Defendants") wrote to Markusic, Polyakov, Noosphere, New Firefly, and Watt[5] threatening litigation in connection with the alleged usurpation of Original Firefly's assets in circumvention of Defendants' economic interests in Original Firefly.[6]

4.      The letter attached a draft complaint designated for the San Mateo County Superior Court of the State of California.[7]

---

2017 WL 1732369, at *6 (Del. Ch. May 3, 2017)).  Because the plaintiffs are the movants and the allegations pled in their complaint are copied in the defendants' answer, this order cites primarily to the answer.  The court notes that the paragraph citations correspond to the same numbered paragraphs in the complaint.

[4] Dkt. 15 ("Kyle Aff.") Ex. G art. VII ¶ E ("Forum Selection Clause").

[5] Watt is not a party to this suit.  This Order refers to Markusic, Polyakov, Noosphere, and New Firefly collectively as the "Plaintiffs."

[6] Dkt. 30 ("Freund Decl.") Ex. A.

[7] *See id.* at 3.

5. In response, Plaintiffs filed a complaint in this court on September 19, 2019 (the "Complaint").[8] The Complaint asserts a single count seeking seven declaratory judgments (the "Declarations").[9]

6. Defendants then filed a complaint in California state court on October 3, 2019 (as amended on December 5, 2019, the "California Complaint").[10]

7. The California Complaint asserts claims for fraud, aiding and abetting in fraud, fraudulent inducement, negligent misrepresentation, tortious interference with prospective economic advantage, and statutory and common law unfair competition pursuant to the California Business and Professional Code.[11]

8. On November 22, 2019, Defendants answered the Complaint in this action and asserted the counterclaims for breach of fiduciary duty, aiding and abetting in breach of fiduciary duty, breach of contract, tortious interference with contract, and tortious interference with prospective economic advantage (the "Counterclaims").[12]

9. The California court stayed the California action on February 28, 2020, observing that "[b]y all appearances, the factual allegations in Blum et al.'s [California

---

[8] *See* Compl.

[9] *Id*. ¶¶ 108.

[10] Dkt. 34 ("Defs.' Answering Br.") Ex. 2 ("California Compl."); *see also* Freund Decl. Ex. C (same).

[11] California Compl.

[12] Countercls. ¶¶ 44–70.

Complaint] in this case and Blum et al.'s Delaware Counterclaims appear identical, although the asserted causes of action in the two cases differ."[13]

10. This court dismissed the Counterclaims in the August 18 Order, finding that Defendants had not adequately pled the elements necessary to state a claim for tortious interference with prospective economic advantage and lacked standing to assert the other Counterclaims, which were derivative in nature and thus belonged to the bankruptcy trustee.

11. Plaintiffs then moved for partial judgment on the pleadings pursuant to Court of Chancery Rule 12(c) as to four of the Declarations.

12. The parties fully briefed Plaintiffs' motion on March 3, 2021, and the court heard oral argument on March 15, 2021.[14]

13. "Judgment on the pleadings may be entered only where the movant is entitled to judgment as a matter of law."[15] "In determining a motion under Court of Chancery Rule 12(c) for judgment on the pleadings, a trial court is required to view the facts pleaded and the inferences to be drawn from such facts in a light most favorable to the non-moving party."[16] The court "generally must accept the non-moving party's denials as fact"[17] but is

---

[13] Freund Decl. Ex. D at 3.

[14] *See* Dkt. 30 ("Pls.' Opening Br."); Defs.' Answering Br.; Dkt. 35 ("Pls.' Reply Br."); Dkt. 38.

[15] *W. Coast Opportunity Fund, LLC v. Credit Suisse Secs. (USA), LLC*, 12 A.3d 1128, 1131 (Del. 2010).

[16] *Desert Equities, Inc. v. Morgan Stanley Leveraged Equity Fund, II, L.P.*, 624 A.2d 1199, 1205 (Del. 1993).

[17] *GreenStar*, 2017 WL 5035567, at *5.

4

not "required to accept as true conclusory assertions unsupported by specific factual allegations."[18]

14. This court is empowered to issue declaratory judgments "to settle and to afford relief from uncertainty and insecurity with respect to rights, status and other legal relations," and this power "is to be liberally construed and administered."[19] Declaratory relief "is appropriate only if there is an actual controversy between the parties."[20] The Delaware Supreme Court has articulated four prerequisites for the existence of an actual controversy:

> (1) It must be a controversy involving the rights or other legal relations of the party seeking declaratory relief; (2) it must be a controversy in which the claim of right or other legal interest is asserted against one who has an interest in contesting the claim; (3) the controversy must be between parties whose interests are real and adverse; (4) the issue involved in the controversy must be ripe for judicial determination.[21]

15. Plaintiffs seek judgment on the pleadings as to the following four Declarations:

- "Defendants have no standing to assert direct claims against Dr. Markusic in his role as an officer and director of [Original] Firefly, because any such claims would be derivative in nature, and thus only may be brought by the bankruptcy trustee" (the "First Declaration");[22]

---

[18] *Cypress Assocs.*, 2007 WL 148754, at *2.

[19] 10 *Del. C.* § 6512.

[20] *Dana Corp. v. LTV Corp.*, 668 A.2d 752, 755 (Del. Ch. 1995).

[21] *XI Specialty Ins. Co. v. WMI Liquid. Tr.*, 93 A.3d 1208, 1217 (Del. 2014) (quoting *Stroud v. Milliken Enters., Inc.*, 552 A.2d 476, 479–80 (Del. 1989)).

[22] Compl. ¶ 108(a) ("First Decl.").

5

- "Dr. Polyakov, Noosphere, and . . . New Firefly could not have aiding and abetting liability because no underlying breach of fiduciary duty occurred, and because their sole involvement in the relevant events involved arm's-length negotiations without any reason to believe that Dr. Markusic was breaching his fiduciary duties" (the "Second Declaration");[23]

- "Defendants cannot split claims based on identical facts between two different courts and jurisdictions" (the "Third Declaration");[24]

- "Defendants cannot prevail on claims against Plaintiffs for breach of fiduciary duty, aiding and abetting same, fraudulent inducement, tortious interference with prospective economic advantage, or statutory or common law unfair competition" (the "Fourth Declaration").[25]

16. In the First Declaration, Plaintiffs ask the court to find that any claim that Plaintiffs may assert against "Markusic in his role as an officer and director of [Original] Firefly . . . would be derivative in nature," thus placing those causes of action into the category of claims that Defendants lack standing to pursue.[26]

17. As Plaintiffs acknowledge, their request is partially duplicative of the August 18 Order in which the court already held that only the bankruptcy trustee has standing to bring derivative claims.[27] Thus, to the extent Plaintiffs seek a limited declaration that Defendants lack standing to bring derivative claims belonging to the bankruptcy trustee, it is unnecessary—the August 18 Order already addressed the issue.

---

[23] *Id*. ¶ 108(d) ("Second Decl.").

[24] *Id*. ¶ 108(e) ("Third Decl.").

[25] *Id*. ¶ 108(g) ("Fourth Decl.").

[26] First Decl.

[27] *See* Pls.' Opening Br. at 19 (citing August 18 Order ¶¶ 19–21).

18. To the extent that Plaintiffs seek a broader declaration that *any* related claim brought against Markusic would be derivative in nature, the request is denied.

19. "Delaware courts must 'decline to exercise jurisdiction over cases in which a controversy has not yet matured,' to avoid rendering advisory opinions."[28] "Courts decline to render hypothetical opinions, that is, dependent on supposition," because to do so would "run[] the risk not only of granting an incorrect judgment, but also of taking an inappropriate or premature step in the development of the law."[29] This determination "involves interest balancing, weighing the interests of the court in postponing review until the question arises in some more concrete and final form against the interests of those who seek relief from the challenged action's immediate and practical impact upon them."[30]

20. Plaintiffs' overly broad request would require the court to evaluate every possible claim Defendants could bring against Markusic as a director and officer of Original Firefly to determine whether those claims are direct or derivative. Such a ruling would, by definition, be hypothetical and dependent on supposition.

21. To the extent the First Declaration seeks a determination as to the direct-or-derivative nature of the counts in the California Complaint, that too is improper. Those claims have not been asserted in this court. The principle of comity suggests that "[w]hen a state court with little legitimate interest in a matter purports to speak on a subject of

---

[28] *Energy P'rs, Ltd. v. Stone Energy Corp.*, 2006 WL 2947483, at *6 (Del. Ch. Oct. 11, 2006) (quoting *Stroud*, 552 A.2d at 480).

[29] *Stroud*, 552 A.2d at 480.

[30] *Goldenberg v. Immunomedics, Inc.*, 2021 WL 1529806, at *19 (Del. Ch. Apr. 19, 2021) (cleaned up).

7

importance to a sister state, the reliability of state law is undermined and a counterproductive incentive is created for all state courts to afford less than ideal respect to each other."[31]

22.    On this point, the Delaware Superior Court's ruling in *Burris v. Cross* is instructive.[32]  There, the parties were neighbors engaged in a dispute over the scope and use of an easement or right-of-way on their adjacent properties.[33]  Before the litigation began, the parties spent two months in "good faith settlement negotiations," after which the defendants' attorney gave the plaintiffs' attorney a draft complaint designated for the Court of Chancery "if negotiations were not successful."[34]  Knowing that the defendants planned to sue in this court, the plaintiffs filed a complaint first in Superior Court seeking declaratory judgment and damages.[35]  Days later, the defendants filed their complaint in the Court of Chancery.[36]

23.    The court in *Burris* viewed the plaintiffs' request for declaratory judgment as "overripe," which it identified as a form of ripeness, the fourth prerequisite for declaratory

---

[31] *Third Ave. Tr. v. MBIA Ins. Corp.*, 2009 WL 3465985, at *1 (Del. Ch. Oct. 28, 2009).  It bears noting that Plaintiffs dispute the propriety of the California Complaint and argue that all claims should have been brought here in the first instance.  *See* Pls.' Opening Br. at 25–34.  This order addresses that argument in connection with the Third Declaration.  *See infra* ¶¶ 32–35.

[32] 583 A.2d 1364 (Del. Super. 1990).

[33] *Id.* at 1368.

[34] *Id.* at 1369.

[35] *Id*.

[36] *Id*.

relief.[37]  The court noted that the availability of declaratory judgment is "[b]orn out of practical concerns" and therefore "involves the exercise of judicial discretion which should turn importantly upon a practical evaluation of the circumstances present."[38]  It then identified seven factors which, in the court's view, informed the "appropriateness of a declaratory judgment action" seeking declarations as to the merit of claims pending in another court.[39]  Those factors are:

> (1) Whether the defendant is truly an unwilling litigant, thus necessitating declaratory action.  (2) What form of relief is truly being sought by the plaintiff and whether that relief, if not solely a declaration of rights, would require resort to another court for supplemental relief.  If so, whether both the rights and relief could be attained in a single non-declaratory action already available.  (3) Whether another remedy exists and whether it would be more effective or efficient and, thus, whether declaratory judgment would serve a useful purpose.  (4) Whether another action is pending, instituted either before or after the instant action, at the time of consideration of the Motion to Dismiss, and whether plaintiff would be able to raise all claims and defenses available in the instant action, as part of the pending action.  (5) Whether the instant action has truly been instituted to seek a declaration of rights or merely for tactical or other procedural advantage.  (6) Whether the instant action was filed in apparent anticipation of other pending proceedings.  (7) Whether plaintiff will suffer any prejudice if the instant action is dismissed.[40]

24.    The court need not engage in the seven-step analysis to reach a conclusion similar to that of the Superior Court in *Burris*.  Where non-declaratory claims are pending

---

[37] *Id.* at 1371–72.

[38] *Id.* at 1372 (quoting *Schick Inc. v. Amalgamated Clothing & Textile Workers Union*, 533 A.2d 1235, 1238 (Del. Ch. 1987)).

[39] *Id.* at 1372–73.

[40] *Id.* (formatting altered).

in another court, the declaratory version of those same claims are overripe and risk the unnecessary burdening of the court's resources and the possibility of inconsistent factual and legal findings between the courts. This is especially true given the context surrounding Plaintiffs' anticipatory filing in this court.

25. Plaintiffs' request for the First Declaration is therefore denied as overly broad and overripe. To the extent the First Declaration seeks a judgment more narrowly tailored to the claims in the California Complaint, those determinations are best left for resolution by the California court.

26. In the Second Declaration, Plaintiffs ask the court to find that Polyakov, Noosphere, and New Firefly "could not have aiding and abetting liability because no underlying breach of fiduciary duty occurred" and because they lacked "any reason to believe that Dr. Markusic was breaching his fiduciary duties."[41]

27. The August 18 Order dismissed the only fiduciary duty claims that Defendants have raised. To the extent that Plaintiffs seek a declaration that aiding and abetting claims may not arise from the dismissed Counterclaims, it is unnecessary. The August 18 Order effectively addressed that issue. There are no breach of fiduciary duty claims presently pending against the parties, and the court has no reason to believe that Defendants intend to assert new breach of fiduciary duty claims in the future based on the same underlying facts.

---

[41] Second Decl.

10

28.     To constitute an active controversy, requests for declaratory relief must be "asserted against one who has an interest in contesting the claim" and must address a dispute "between parties whose interests are real and adverse."[42]  Because the Second Declaration does not speak to an active controversy, Plaintiffs' motion as to that Declaration is denied.

29.     In the Third Declaration, Plaintiffs ask the court to find that "Defendants cannot split claims based on identical facts between two different courts and jurisdictions."[43]  Plaintiffs' request implicates multifaceted interactions between a variety of judicial doctrines.  Plaintiffs point to a combination of the Forum Selection Clause, Court of Chancery Rule 13(a), and the rule against claim splitting, which they contend operate in tandem to make Delaware the exclusive forum for all of Defendants' claims.[44]

30.     As noted above, the Forum Selection Clause in Original Firefly's charter designates Delaware as "the sole and exclusive forum" for asserting certain claims, including derivative and fiduciary duty claims.[45]  Court of Chancery Rule 13(a) regarding "[c]ompulsory counterclaims" provides that a "pleading *shall* state as a counterclaim any claim, which at the time of serving the pleading the pleader has against any opposing party,

---

[42] *XI Specialty*, 93 A.3d at 1217 (quoting *Stroud*, 552 A.2d at 479–80).

[43] Third Decl.

[44] *See* Pls.' Opening Br. at 25–34.

[45] *See* Forum Selection Clause.

if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim."[46]

31.     Similarly, the rule against claim splitting

> is an aspect of the doctrine of *res judicata* and is based on the belief that it is fairer to require a plaintiff to present in one action all of his theories of recovery relating to a transaction, and all of the evidence relating to those theories, than to permit him to prosecute overlapping or repetitive actions in different courts or at different times.[47]

Both fairness and efficiency considerations underlie the rule against claim splitting, which is designed to protect a defendant from the burden of duplicative litigation in multiple jurisdictions based on the same set of operative facts.[48]

32.     Piecing together the various parts of Plaintiffs' argument, it operates as follows: first, the Forum Selection Clause required Defendants to bring any derivative or fiduciary claims in this court; second, Rule 13(a) required Defendants to assert any related claims (*i.e.*, direct or non-fiduciary) as compulsory counterclaims in this court in response to the Complaint; and third, the rule against claim splitting precluded Defendants from bringing related claims in any other court.

---

[46] Ct. Ch. R. 13(a) (emphasis added).

[47] *Goreau v. Lemonis*, 2021 WL 1197531, at *8 (Del. Ch. Mar. 30, 2021) (quoting *Maldonado v. Flynn*, 417 A.2d 378, 382 (Del. Ch. 1980) (italics added)).

[48] *See id*. Defendants do not dispute that the claims they assert in the California Complaint arise from the same underlying nucleus of facts as those forming the basis for Plaintiffs' Complaint in this court. And Plaintiffs do not contend that any of those claims fall under the purview of the Forum Selection Clause.

33. Traditionally, the rule against claim splitting is meant to "prevent burdening the same defendant with duplicative proceedings in different courts brought by the same plaintiff based on different causes of action arising out of a common underlying nucleus of facts."[49] Where a plaintiff brings separate causes of action supported by the same factual allegations in two different courts, either vexatiously or strategically, "the claim has been split and must be dismissed."[50] While the doctrine of res judicata "permits a litigant to press his claims but once, and requires him to be bound by the determination of the forum he has chosen, so that he may have one day in court but not two,"[51] the rule against claim splitting "eliminates the contemporaneous litigation of the same factual or legal issues in different courts."[52]

34. In this case, however, it was Plaintiffs who defensively chose this court in an effort to deprive Defendants, who are the natural plaintiffs, of the ability to decide the appropriate forum in which to bring their claims. Defendants reacted by filing their counterclaims in this court *after* filing the California Complaint and only did so to avoid waiver.[53] The legal bar against claim splitting is not intended to reward this sort of behavior

---

[49] *Winner Acceptance Corp. v. Return on Cap. Corp.*, 2008 WL 5352063, at *18 (Del. Ch. Dec. 23, 2008).

[50] *Kossol v. Ashton Condo. Ass'n, Inc.*, 637 A.2d 827, 1994 WL 10861, at *2 (Del. Jan. 6, 1994) (TABLE) (citing *Maldonado*, 417 A.2d at 382; *Restatement (Second) of Judgments* § 25 cmts. f, j).

[51] *Id.* (citing *Malone Freight Lines, Inc. v. Johnson Motor Lines, Inc.*, 148 A.2d 770, 775 (Del. 1959)).

[52] *Balin v. Amerimar Realty Co.*, 1995 WL 170421, at *4 (Del. Ch. Apr. 10, 1995).

[53] *See* Defs.' Reply Br. Ex. E at 10–11.

by Plaintiffs. The rule against claim splitting is therefore inapplicable to the California Complaint.

35. In any event, the "main purpose of the general rule [against claim splitting] . . . is to protect the defendant from being harassed by repetitive actions based on the same claim."[54] Defendants currently have outstanding claims in only one forum: California. The only reason claims arising from the same factual circumstances are proceeding in two separate courts is because Plaintiffs filed here preemptively—if Plaintiffs now face prejudice as a result of proceeding in two jurisdictions, it is of their own making. Plaintiffs' request for the Third Declaration is therefore denied.

36. In the Fourth Declaration, Plaintiffs ask the court to find that "Defendants cannot prevail on claims against Plaintiffs for breach of fiduciary duty, aiding and abetting same, fraudulent inducement, tortious interference with prospective economic advantage, or statutory or common law unfair competition."[55]

37. The first portion of the Fourth Declaration, that Defendants cannot prevail on claims against Plaintiffs for breach of fiduciary duty and aiding and abetting same, fails for the same reason as the Second Declaration. This court has already dismissed the only claims relating to breaches of fiduciary duty raised by Defendants, who have not asserted such claims in the California Complaint. This portion of the request for declaratory relief therefore fails to meet two of the four prerequisites for establishing an actual controversy:

---

[54] *Restatement (Second) of Judgments* § 26 cmt. a.

[55] Fourth Decl.

it is not "asserted against one who has an interest in contesting the claim," and it is not "between parties whose interests are real and adverse."[56]

38.     The remaining portion of the Fourth Declaration, that Defendants cannot prevail on claims against Plaintiffs for fraudulent inducement, tortious interference with prospective economic advantage, or statutory or common law unfair competition, fails for the same reason as the First Declaration. The Fourth Declaration asks the court to reach merits-based conclusions about claims that were properly brought before the California court in the California Complaint. As discussed above, principles of comity and fairness in honoring Plaintiffs' choice of forum caution against this court reaching such conclusions.

39.     That portion of Plaintiffs' request for the Fourth Declaration therefore does not meet the four prerequisites for an active controversy and is denied. The California court is best positioned to evaluate the affirmative, non-declaratory claims before it.

40.     In sum, Plaintiffs' request for partial judgment on the pleadings is DENIED. The parties shall contact the court for a teleconference to discuss how to best proceed in light of these rulings and the stayed California Complaint.

/s/ Kathaleen St. J. McCormick
Chancellor Kathaleen St. J. McCormick
Dated: June 16, 2021

---

[56] *XI Specialty*, 93 A.3d at 1217 (quoting *Stroud*, 552 A.2d at 479–80).

15